TOWN OF NEW MILFORD vs. COUNTY OF LITCHFIELD.

First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A county cannot escape its liability to a town for one third of the expense incurred by the latter for the permanent improvement of its highways, under Chap. 315 of the Public Acts of 1895, merely because it has no money in the treasury wherewith to pay the obligation. It is the duty of the county authorities to provide funds to meet its statutory liabilities.

[Submitted on briefs March 1st—decided March 24th, 1898.]

ACTION to recover one third of the sum expended by the plaintiff town for the permanent improvement of one of its highways, brought to the Court of Common Pleas in Litchfield County and reserved by that court, *Welch, J.*, upon a finding of facts, for the consideration and advice of this court. *Judgment advised for plaintiff.*

*Frederic M. Williams* and *Donald T. Warner*, for the plaintiff.

The defendant seeks to avoid the payment of this debt on

the plea that it has no money in its treasury "not otherwise appropriated," with which to pay it. Its duty is to put money in its treasury. *Terry* v. *Milwaukee*, 15 Wis. 492; Tied. on Mun. Corp. p. 326 and cases there cited. The plaintiff was not bound to request that a tax be levied to replenish the treasury, before bringing the suit. Tied. Mun. Corp. § 180, and cases cited in note 1; *Mills Co. Bank* v. *Mills Co.*, 67 Iowa, 697; 25 Amer. & Eng. Ency. of Law, p. 584. It cannot be presumed that the county will violate its duty and refuse to lay the necessary tax. *Lyell* v. *Lapeer Co.*, 6 McLean, 446; *State* v. *Clay Co.*, 46 Mo. 231. The plain and direct imposition upon the county, in the 6th section of the Act, is not negatived or affected by the language in the 7th section, whether the latter be treated as meaningless, surplusage, or merely permissive and directory. In *Campbell* v. *County of Polk*, 3 Iowa, 467, the court (on page 471) says: "In a warrant payable like these, from any money not otherwise appropriated, what do the words 'not otherwise appropriated' mean? There is reason to doubt whether they mean anything."

*Albert P. Bradstreet* and *Samuel A. Herman*, for the defendant.

Towns alone have express power to construct and maintain highways, and if any are constructed pursuant to the provisions of Chap. 315, Public Acts of 1895, and the county treasury has money in it not otherwise appropriated, they will receive their share, or proportionate share; *otherwise not*. This right of action being purely statutory, the plaintiff is restricted to the remedy provided by the statute. *Pollard* v. *Bailey*, 20 Wall. 378; *Dudley* v. *Mayhew*, 3 N. Y. 9; 1 Wait's Act. & Def. 42; 2 id. 109; *Storms* v. *Stevens*, 3 N. E. Rep. 401; *Ryan* v. *Ryan*, 4 id. 217; *Walker* v. *Commissioners*, 38 id. 1095; *Remick* v. *Morris*, 7 Hill, 576; *Stafford* v. *Ingersoll*, 3 id. 41. There is no statutory method by which money can be covered into the county treasury for the general purposes of the county, save through the tax levying power vested in the senators and representatives.

Gen. Stats. § 1985. The county commissioners would have been obliged to borrow the money to meet the demands of the plaintiff; and this power to borrow money has never been vested in the county by statute, and consequently cannot be invoked. *Mayor* v. *Ray*, 86 U. S. 164; 1 Dill. Mun. Corp. 488.

ANDREWS, C. J. The legislature, at its session in 1895, passed " An Act to Provide for the Improvement of Public Roads." Chap. 315, Public Acts of 1895, p. 655. It provided that any town in the State might, in each year, by pursuing the steps therein named, improve a portion of its public roads, and in section six said: " When any road shall be constructed under this Act, one third of the cost of said construction shall be paid for out of the State treasury; . . . one third of the cost shall be paid for out of the treasury of the county within which such road is constructed; and one third of the cost shall be paid for out of the treasury of the town within which such road is constructed." Section seven of the said Act provides that the selectmen of the town within which any such road has been constructed, shall file a certificate of the cost thereof with the highway commissioners of the State; and that the said highway commissioners shall file a certificate with the county commissioners of each county, between December 15th and 31st of each year, and that " said certificate shall state the amount of money due the various towns by the county for the construction and permanent improvement of roads under this Act, and the county commissioners shall cause to be paid to the towns said money as set forth in said certificates out of any money in the treasury of the county not otherwise appropriated."

The complaint in this action in its first count alleges that the town of New Milford, in the year 1895, did permanently improve a portion of its public roads pursuant to the provisions of said Act, and expended in such improvement the sum of $2,940; and that all the steps were taken and things done which entitled it to receive, and made it the duty of the County of Litchfield to pay to it, one third of the said

amount, to wit, the sum of $980. In the second count the complaint alleges a like liability upon the county to pay plaintiff for money expended in the year 1896, the sum of $950. It is also alleged that there was in the county treasury money not otherwise appropriated, sufficient to pay the said sum, and that a demand had been made on the county commissioners for the payment thereof, and that the same had never been paid. Damages are demanded for the non-payment of both of said sums.

The answer avers that at the time the said demand was made on the county commissioners there was not, nor was there at any time prior to the bringing of this suit, in the treasury of the county or due to the county, the said sums of money nor any part thereof, not otherwise appropriated.

The trial court found all the allegations of the complaint to be true, except the allegation that there was sufficient money in the treasury; and upon this part of the case found the averment of the answer to be true, and thereupon reserved the cause for the advice of this court. The reservation is in these words: That if, as matter of law, the defendant county is liable in the premises to the plaintiff town, then the plaintiff shall recover of the defendant the said sum of $980 under the first count, and the further sum of $950 under the second count, and costs.

The statute above referred to, in its sixth section, imposes in terms on the defendant county, under the state of facts found by the trial court to be true, an absolute liability to pay to the plaintiff town the sums of money demanded. And in its seventh section it empowers the county commissioners to discharge that liability. It is admitted, at least it is not denied, that the conditions are found by the court to exist which create the liability. The sole reason suggested in the record, or urged by the eminent counsel for the defendant in their brief, why this liability to pay the amounts does not attach and why judgment should not be rendered for the plaintiff against the county, is that there is no money in the county treasury. And they argue that because there is no money in the treasury there is therefore no liability to pay.

The want of money in the treasury can only be owing to the omission of the proper authorities to levy and collect the necessary tax. So the argument comes to this : Because the county authorities have neglected to provide money sufficient to meet its liabilities, there is no liability. In other words, that the defendant may gain an advantage by its own omission of duty. An argument of that kind is so obviously untenable, that when it is stated it is already refuted. The neglect or omission to provide money can never absolve a public corporation from the duty to discharge a statutory liability. *Whitney* v. *New Haven,* 58 Conn. 450, 461; *State* v. *Staub,* 61 id. 553, 562; *Williams, State's Attorney* v. *New Haven,* 68 id. 263, 272.

The Court of Common Pleas for Litchfield County is advised to render judgment for the plaintiff town.

In this opinion the other judges concurred.