HOMER S. CUMMINGS, STATE'S ATTORNEY, *vs.* JOHN J. LOONEY ET ALS., SELECTMEN.

Third Judicial District, New Haven, June Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and BENNETT, Js.

A vacancy in a town office, if filled by the voters of the town, must be for the full unexpired portion of the term of the original incumbent.

An application by twenty or more of the qualified voters of a town to its selectmen (§ 1793) to call a special town meeting for the election of a town clerk to fill a vacancy, need not specify the duration of the term for which the official is to be elected, and if it does so and states it erroneously the statement is merely surplusage and does not vitiate the application.

Under General Statutes, §§ 1793 and 1814, the selectmen are bound, and may be compelled by mandamus, to call a special town meeting for the election of town officers to fill vacancies, after a proper application by the requisite number of qualified voters has been made to the selectmen for that purpose.

This obligation is a governmental duty, the discharge of which will not be excused simply because no appropriation of funds had previously been made sufficient to defray the expenses of such an election.

Statutory provisions (§§ 60 and 61) which require specific appropriations, and forbid and punish expenditures in excess thereof, necessarily have reference to the internal affairs of a municipality and are confined to them; they cannot control its political action nor expenditures incurred in the proper performance of its governmental duty.

Unless a town has made a specific appropriation for special election purposes, an expenditure for such a purpose is not within the restrictions of §§ 60, 61 of the General Statutes.

Argued June 1st—decided July 16th, 1915.

APPLICATION for a writ of mandamus requiring the respondents, as selectmen of the town of Stamford, to call a special town meeting for the election of a town clerk to fill a vacancy in the office caused by death, brought to and tried by the Superior Court in Fairfield County, *Williams, J.,* upon a demurrer to the return and answer of the respondents; the court sustained the demurrer and ordered the issue of a peremptory writ of mandamus, from which two of the respondents, Looney and Hobbie, appealed. *No error.*

On the first Monday of October, 1914, Mr. Waterbury was elected town clerk of the town of Stamford for the term of two years from the first Monday of January, 1915. On March 20th, 1915, Mr. Waterbury died, and the selectmen of Stamford appointed a town clerk to fill the vacancy. On March 30th, 1915, more than twenty qualified voters of Stamford requested the respondents, being all of the selectmen, to call a special town meeting for the election of a town clerk, by the following written application: "The undersigned, being more than twenty inhabitants of the town of Stamford, qualified to vote in town meetings, request and petition that you shall convene a special town meeting within ten days after receiving this application, to elect a

town clerk for the town of Stamford, to succeed the present incumbent appointed by the selectmen, to fill the vacancy in said office, due to the death of the duly elected town clerk, and to serve for the unexpired term from the date of such election until the next regular town meeting for the election of town officers." This application was by the signers thereof executed to be delivered, and was delivered, to said selectmen on the 30th day of March, 1915. The selectmen neglected to convene such meeting within ten days from the filing with them of the application.

The relator thereupon made application for a mandamus; whereupon the court issued an alternative writ and rule to show cause, returnable on April 27th, 1915, when by leave of court the application and rule to show cause was amended. Thereafter, on April 30th, 1915, the respondents filed a motion to quash and a demurrer, the principal ground of which was that the application to the selectmen requested them to call a special town meeting for the election of a town clerk, to serve from the date of application until the next regular meeting for the election of town officers, instead of until the first Monday of January, 1917, as by law provided; and that the selectmen were without legal authority to call a special town meeting for the election of a town clerk for less than the full period of the term for which Mr. Waterbury was elected. The court denied the motion and overruled the demurrer. Thereupon the respondent Michaels filed his return, admitting the allegations of the application for a mandamus and submitting himself to the order of the court. The respondents Looney and Hobbie filed their return, admitted substantially the allegations of the application for a mandamus, and specially pleaded that Stamford had made a specific appropriation for town election purposes for the present fiscal year, and all but a small

part of such appropriation had been exhausted and no other sum appropriated to defray the expenses of said special election, the cost of which would be greatly in excess of the unexpended balance of the appropriation. The relator demurred to the special plea of the return as insufficient, for the reason that the duty of the selectmen to call the town meeting prayed for was a governmental duty, and the lack or insufficiency of an appropriation to defray the expenses of such meeting was not a legal excuse for failing to call the same. The court sustained the demurrer.

The appeal is based upon the claimed errors in denying the motion to quash and in sustaining the demurrer to the return.

*Clement A. Fuller*, for the appellants (respondents).

*John E. Keeler* and *Milton Fessenden*, for the appellee (petitioner).

WHEELER, J. The selectmen may convene special town meetings: (1) when they shall deem it necessary, and (2) when twenty inhabitants qualified to vote in town meeting shall make application therefor. General Statutes, § 1793.

The motion to quash was that the application to the selectmen upon which the mandamus proceeding was based was for the calling of a town meeting for the election of a town clerk until the next regular town election, instead of for the election of a town clerk to hold office for the full unexpired term.

The term of office of the town clerk of Stamford was fixed by law at two years, and expired on the first Monday of January, 1917. The death of Mr. Waterbury caused a vacancy which the selectmen filled temporarily. The town, in town meeting, had power

to fill this vacancy. General Statutes, § 1814. The town could not fill the vacancy for a term other than the full unexpired term. 23 Amer. & Eng. Ency. of Law (2d Ed.) 418.

The statute gives to twenty qualified voters the right to ask for a town meeting for this purpose, and imposes upon the selectmen the duty of calling such meeting. *Lyon* v. *Rice,* 41 Conn. 245, 248; *Peck* v. *Booth,* 42 Conn. 271, 275. Proper application having been made, the selectmen may, by mandamus, be compelled to call such meeting to fill a vacancy in the office of town clerk for the full unexpired term; they cannot be compelled to call such meeting to fill the office for other than the full unexpired term, since they cannot be compelled to do that which is not authorized by law. *State* v. *Towers,* 71 Conn. 657, 663, 42 Atl. 1083.

If this application was to call such meeting for the election of a town clerk to hold office until the town meeting to be held on the first Monday of October, 1917, the selectmen were right in their refusal; if it was to call such meeting for the election of a town clerk for the full unexpired term, their refusal was unwarranted, and the motion to quash upon this ground rightly denied. If the period of service had been omitted from the application to the selectmen, no question could be made that the application was not in strict compliance with the statute. Any one reading the application would understand from its terms that the petitioners desired a special town meeting convened for the purpose of electing a town clerk to succeed the incumbent appointed by the selectmen to fill the vacancy in the office due to the death of the duly-elected town clerk. The selectmen could not mistake the object of the election as requested. The addition of a wrongful designation of the term for which the town clerk was to be elected did not vary the object sought.

VOL. LXXXIX—36

The law fixed the term. Its erroneous designation was a plain case of surplusage. The unnecessary designation does not vary the object of the application, much less vitiate it. The case of *Lyon* v. *Rice*, 41 Conn. 245, is essentially analogous to this case, and controlling in its authority.

The demurrer to the return raised the question whether the selectmen were justified in neglecting to call the meeting by reason of an insufficient appropriation, previously made to defray the expenses of such election. The right to a special town meeting for the election of a town clerk was given by statute to twenty qualified voters. General Statutes, §§ 1793 and 1814. Clearly this was a political right. The duty of calling such meeting, legally applied for by twenty qualified voters, was a governmental duty imposed upon these selectmen by statute. The holding of such elections as are provided by law is as essential under our theory of government as is the preservation of order or the administration of justice. Each is imperative, because a vital part of the machinery of government. An insufficiency of funds will not excuse the performance of a governmental duty. The town must provide funds for such purposes. The selectmen will not be permitted to plead the neglect of the town in providing funds as a justification for their own neglect in fulfilling their own governmental duty. Ample power to meet such a case is vested in the selectmen.

The respondents rely upon General Statutes, §§ 60 and 61, which provide for specific appropriations by the State and its political divisions, and forbid and punish the making of expenditures in excess of appropriations. Statutory provisions of this character necessarily control the administration of the internal affairs of a municipality and are confined to them; they cannot control its political action, nor the expenditures made

in support of the proper performance of its governmental duty. *Williams, State's Attorney,* v. *New Haven,* 68 Conn. 263, 36 Atl. 61; *Cook* v. *Ansonia,* 66 Conn. 413, 422, 423, 34 Atl. 183. The neglect or omission to provide funds can never absolve a public corporation, or its public officers, from the discharge of a governmental duty imposed by statute. *New Milford* v. *Litchfield County,* 70 Conn. 435, 439, 39 Atl. 796. As a rule, other jurisdictions are in accord with our holding.

Under §§ 1793 and 1814, the selectmen must call the special town meeting. Under §§ 60 and 61, they are forbidden to exceed their appropriations. The appropriation for town elections is nearly exhausted. If this appropriation applies to a special election, the selectmen cannot call this meeting without incurring an expense in excess of the appropriation. The two statutes would thus be in conflict. One or the other must give way, and in such a situation the rule of guidance was laid down by us in *State* v. *Staub,* 61 Conn. 553, 566, 23 Atl. 924: "The paramount must control. The command to provide for the essential operations of government must prevail against a rule of procedure in applying the funds raised by taxation for the support of the government."

We have thus far assumed that General Statutes, §§ 60 and 61, applied to the case presented by the return. There is, however, nothing in the record to indicate that the exhausted appropriation was in any part for special election purposes. Indeed, if we were permitted to draw inferences, we should incline to the view that it was for general election purposes. If it does not appear that the town has made a specific appropriation for special elections, an expenditure for such a purpose is not within the restrictions of General Statutes, §§ 60 and 61. "This statute it will be noticed

carefully limits its application to cases where specific appropriations have been made for a particular purpose." *Whitney* v. *New Haven*, 58 Conn. 450, 462, 20 Atl. 666; *State* v. *Staub*, 61 Conn. 553, 563, 23 Atl. 924.

There is no error.

In this opinion the other judges concurred.