GROTON AND STONINGTON TRACTION COMPANY *vs.* TOWN OF GROTON.

* MALTBIE, C. J., HAINES, HINMAN AND BANKS, Js.

* By agreement of counsel the case was argued before four justices.

Argued February 2d—decided June 14th, 1932.

*Arthur T. Keefe,* for the appellant (plaintiff).

*Benjamin H. Hewitt,* for the appellee (defendant).

*Ernest L. Averill,* Deputy Attorney-General, with whom, on the brief, was *Warren B. Burrows,* Attorney-General, argued the cause as *amicus curiae.*

HINMAN, J.   The complaint alleged that in June, 1931, and for a long time prior thereto the defendant town maintained a high school, the affairs and management of which were administered through the high school committee.   At a special town meeting held on June 24th, 1931, it was voted that, pursuant to the provisions of § 852 of the General Statutes, the high school committee be authorized and instructed to provide for the transportation to and from the high school of pupils residing within the limits of the town, the

expenses of such transportation to be included annually in the maintenance cost of the high school. It was also voted that the matter of such transportation be taken care of by the high school committee and that the committee advertise for bids therefor. Bids were accordingly called for and on July 8th, 1931, the high school committee voted to accept the bid of the plaintiff and it was notified to that effect. Subsequently, on September 1st, the board of education voted to "assume the commitment by the High School Committee with the Groton and Stonington Traction Company under said vote, before the opinion was received that the high school committee was abolished by law." It was also voted to request the board of finance of the town to include in its annual appropriation budget to be presented and to be voted upon at the next annual meeting an item of $10,200 to cover the defendant's commitment for payment to the plaintiff for transportation, but the board of finance failed, neglected, and refused to do so and by reason thereof no appropriation for that purpose was made by the annual town meeting. On September 9th, 1931, the plaintiff commenced and has continued to furnish transportation of pupils to and from the high school and on October 9th, 1931, presented its bill for $1,239.-78, being for the period from September 9th to date, but the defendant refused to pay the same on the ground that "owing to the failure of the Town Board of Finance to provide an appropriation for High School transportation, the Board of Selectmen have no funds available to pay for any high school transportation."

The defendant demurred to the complaint on the ground that it appears therefrom that the board of finance neglected and refused to make an appropriation to pay the plaintiff and it does not appear that

any other appropriation for that purpose was or could be made, and this demurrer was sustained.

In this court, as in the trial court, possible procedural informalities were waived and the matter was presented and is determined on its merits.

The demurrer is based upon the proposition that as it appears from the complaint that the board of finance of the defendant town neglected and refused to incorporate in its estimate an item covering the expenditures under the contract sued upon, and the town, in consequence, made no appropriation for this purpose, there is no liability on the part of the town. No question is made by the demurrer that the vote of the town at the special meeting of June 24th, 1931, was within the authority then expressly vested in the town by § 852 of the General Statutes, or that the subsequent proceedings of the high school committee were in accordance with the vote of that meeting entrusting to the committee the matter of obtaining bids for and providing for transportation of high school pupils. No contention is advanced that the action of the board of education on September 1st, 1931, did not suffice to create, by ratification, and effectuate the agreement with the plaintiff previously attempted to be made by the high school committee although it was afterward discovered that upon the taking effect of Chapter 249 of the Public Acts of 1931 (Title VIII, General Statutes, Cum. Sup. 1931) the office of high school committee in towns (including the defendant) in which separate school districts are maintained, was abolished, and control of secondary schools was transferred to and vested in the board of education. General Statutes, Cum. Sup. 1931, § 176a; Opinion of Attorney-General, July 20th, 1931. The same Public Act also conferred the power to provide transportation for pupils residing in the town

where a high school is maintained upon the board of education, instead of the town by its vote as theretofore provided by § 852 of the General Statutes, § 97a, Cum. Sup. 1931, quoted in the footnote. The demurrer did not question that the authorization of transportation was within this expressly conferred statutory power of the board of education when it assumed the commitment which had previously been authorized by town vote. To this extent, at least, the requisites to bind the town appear to be present. *Lucier* v. *Norfolk*, 99 Conn. 686, 695, 122 Atl. 711, and cases cited, page 696. The contention is that, notwithstanding, the town may not be held liable for the agreed compensation unless provision therefor has been made by an appropriation for that purpose.

It has been held that in the maintenance and management of public schools the school committee or board of education is the agent, not of the town but of the law and so, in matters pertaining thereto—including provision for transportation of pupils—is not subject to the control of the town. *State ex rel. Huntington* v. *Huntington School Committee*, 82 Conn. 563, 566, 74 Atl. 882; *Newton* v. *Hamden*, 79 Conn. 237, 240, 64 Atl. 229; *Lucier* v. *Norfolk, supra*, p. 695; *McDonnell* v. *New Haven*, 99 Conn. 484, 489, 121 Atl. 824. We deem it sufficient for present purposes, however, that the contract, its purposes and provisions, were within the statutory powers of the board of edu-

Sec. 97a. TRANSPORTATION. The town board of education may provide for the transportation, to and from such school, of any pupil attending such school and residing within the limits of such town, or pay the whole or part of the reasonable and necessary cost thereof. Any town in which a high school is not maintained shall provide the necessary transportation of any child who resides with his parents or guardian in such town and who, with the written consent of the board of education, attends a high school in another town; provided such high school be approved by the state board of education.

cation, exercised in conformity to the will of the town expressed by the antecedent vote in town meeting.

The neglect or omission to provide money therefor does not absolve a public corporation from the duty to discharge a statutory liability, or from performing a judgment, or relieve it from liability for its torts, or, ordinarily, for expenditures involved in action by the municipality itself upon subjects not foreseen when the annual appropriations are made. *New Milford* v. *Litchfield County*, 70 Conn. 435, 439, 39 Atl. 796; *Williams, State's Attorney*, v. *New Haven*, 68 Conn. 263, 272, 36 Atl. 31; *Cook* v. *Ansonia*, 66 Conn. 413, 423, 34 Atl. 183; *Baldwin* v. *Norwalk*, 96 Conn. 1, 7, 112 Atl. 660; *Whitney* v. *New Haven*, 58 Conn. 450, 461, 20 Atl. 666; *Cummings* v. *Looney*, 89 Conn. 557, 95 Atl. 19; *State* v. *Staub*, 61 Conn. 553, 23 Atl. 924. It would be "a flagrant departure from all principle" if a contract which a municipal corporation has the power and authority to make and has voted to enter into could not be enforced against it. *McLoud* v. *Selby*, 10 Conn. 389, 394. The question presented by the demurrer is whether the effect of the statutes concerning town boards of finance (General Statutes, §§ 418 to 421, Amended, Cum. Sup. 1931, §§ 40a, 41a) is such that this contract may be and was rendered unenforceable by the refusal of the board of finance of the defendant town to recommend, and thereby permit to be made by the town, an appropriation for the compensation thereunder.

Section 418, as amended, provides the method of making appropriations for expenses of towns in which town boards of finance have been established: that the board hold a public meeting at which any person desiring to have included in the budget any expenditures on account of activities of the town for the ensuing fiscal year may request this to be done;

that a subsequent meeting of the board be held at which all such proposals are to be considered; that thereafter an itemized estimate of the expenditures for such year shall be published; that the board shall submit this estimate, with other information, to the annual town meeting with its recommendations; that this report shall then be acted upon and such specific appropriations made as may seem advisable, "but no appropriation shall be made exceeding in amount that for the same purpose recommended by the board and no appropriation shall be made for any purpose not recommended by the board." This section then provides that, after the grand list has been completed, the board shall lay a tax which shall be sufficient, with the other estimated revenue of the town, to pay the expenses of the town for the year. Provision is also made for further appropriations upon recommendation of the board of finance at special town meetings held before the laying of the tax, any such appropriation to be included in the amount to be levied.

Section 419 makes provision by which the board may apportion certain authorized expenditures over a period not to exceed five years, the amount for each year to be included in the tax levy for that year. Section 420 gives the board the power to transfer unexpended balances of one appropriation to another provided that no amount appropriated for any purpose whether general or special shall be used or appropriated for any other purpose unless the board so recommends. Section 421 begins: "No officer of such town shall expend or enter into any contract by which the town shall become liable for any sum which, with any contract then in force, shall exceed the appropriation for the department, except in cases of necessity connected with the repair of highways and bridges and the care of the town poor, and then not to exceed one hun-

dred dollars except as provided in section 410 or 433." It then sets up a procedure to meet situations where more money is needed for a department of a town than has been appropriated, by application made to the board of finance, an appropriation by it if the sum does not exceed $500 or, if it does exceed that sum, an appropriation, upon recommendation of the board, by the town at a meeting called for that purpose; and it provides that any such appropriation made after the laying of a tax is to be included in the next tax laid.

General Statutes, Cum. Sup. 1931, § 154a, provides that the board of education in each town shall prepare an itemized estimate of the cost of maintaining public schools for the ensuing year, to be submitted, in any town having a board of finance, to that board at least two months before the annual town meeting; that the money appropriated by any town for the maintenance of public schools is to be expended by and in the discretion of the board of education; that any such board may transfer "any unexpended or uncontracted-for portion" of any appropriation to any other item of its estimate; and that "expenditures by the board of education in each city, town or school district, as the case may be, shall not exceed the appropriation made by the city, town or school district, with such money as may be received from other sources for school purposes." The appropriations referred to in this section, in case of towns having town boards of finance, clearly are those made in accordance with the provisions of §§ 418 to 421 of the General Statutes, as amended.

Apparently the purpose of these statutes is twofold. The General Assembly evidently intended that any town might establish a board whose particular duty it should be to consider the financial aspects of the town government as a whole, rather than from the standpoint of any particular office or department, and

which might restrain wasteful or extravagant expenditures; also that, as appears from the provision for the laying of a tax sufficient to meet the appropriations made, except in certain specified contingencies, the town meet its current expenses by its current income.

But the provisions of these statutes are not to be interpreted as giving the board of finance an unlimited discretion as to the appropriations it will recommend; this would be to confer an absolute veto power over any of the activities of the town. It might, for example, refuse any appropriation, or any adequate appropriation, for the payment of the salaries of school teachers. Such a construction would make the board the ultimate authority as regards all town expenditures and invest it with final discretion to prohibit or cripple, by refusal or limitation of appropriations, the exercise of functions of officers or boards who have the administration of the various departments of town government, chosen, and presumably qualified, to direct and administer their several departments. Moreover, such an interpretation would make these statutes prevail over clear expressions of legislative intent contained in other statutes. By way of illustration: Section 130a of the General Statutes, Cum. Sup. 1931, makes it the duty of each town to furnish, by transportation or otherwise, school accommodations so that each child over six and under sixteen years of age may attend school; it can hardly be conceived that the legislature intended to give a town board of finance the power, by refusing the necessary funds, to prevent school accommodations being so furnished. Again, towns are by statute placed under strict injunction to support paupers belonging to or found within them (General Statutes, §§ 1693, 1702, 1713); the legislature could not have intended that the board of finance might prevent the town from performing this duty,

except to the extent of the $100 provided in the exception in § 421. Aside from these and similar provisions by which absolute duties are imposed upon towns or their officers, in other instances the statutes vest the town or particular officers or boards with discretion in certain matters. The school laws contain numerous such provisions. For example, towns are given power to establish high schools (General Statutes, Cum. Sup. 1931, § 85a); and kindergartens (id. § 104a); boards of education are authorized to employ, in towns having a population of ten thousand or less, one or more school physicians (id. § 142a); and in § 97a is contained the provision involved in this case, that the town board of education may provide for the transportation, to and from high schools within the town, of any pupils attending the school and residing within its limits, or pay the whole or part of the reasonable and necessary cost thereof. Where in express terms the legislature has vested a discretion in a town, or in any of its officers or boards, certainly as clear an expression of an intent to limit that discretion by giving to another board an absolute power to override its decisions would be expected, if that were intended. But we find in the statutes as to boards of finance no such provision. Had the legislature intended the board of finance to have such extreme powers, it would not have left the conferring thereof to doubtful implication.

We hold, therefore, that the board of finance has not the power, by refusing to include in its budget or, if an occasion arises after the laying of the tax whereby more money is needed, by refusing to recommend to a special town meeting, a proper and reasonable estimate of the expenditures necessary, to disable the town or its officers from performing those duties which are imposed upon them by statute or to render it impossible

for them to carry out their decisions in matters wherein by statute discretion is expressly vested in them. Where the expenditure that will be required for a particular purpose in the ensuing fiscal year is uncertain, the board of finance has a discretion to determine the amount of appropriations which it will recommend in the first instance; where the specified amount which is sought for a particular purpose is, in its judgment, extravagant and unreasonable, it may reduce it to a sum which is reasonable in view of the financial condition of the town and the other expenditures it must make, and it then becomes the duty of the other officers concerned to endeavor to keep within the appropriation made and not seek further appropriation unless imperative need arises; and where the statute neither imposes a duty upon the town or any of its officers nor vests in it or them a discretion to be independently exercised, the board of finance may, if in its judgment the financial condition of the town does not justify expenditures for a particular purpose, decline to include any appropriation for it in its estimate submitted to the annual town meeting, or to recommend it to a later meeting. But it cannot refuse to include in that estimate or, if subsequent need arises, to recommend to a later meeting, a sum reasonably adequate for the performance of such duties as are imposed by law upon the town or its officers, or to make effective the reasonable exercise of such a discretion as is expressly conferred by statute. If the board fails to do this, by express provisions of the statute no appropriation can be made by the town; but it does not follow that, in consequence, statutory duties cannot be performed or that decisions, within the proper exercise of a discretion given by statute, may not be carried out. In such a contingency the proper officers of the town can create binding obliga-

tions upon it, which, reduced to judgment, will be collectible from it. *New Milford* v. *Litchfield County,* 70 Conn. 435, 439, 39 Atl. 796; *Williams, State's Attorney,* v. *New Haven,* 68 Conn. 263, 272, 36 Atl. 61; *Cook* v. *Ansonia,* 66 Conn. 413, 423, 34 Atl. 183; *Cummings* v. *Looney,* 89 Conn. 557, 95 Atl. 19; *State* v. *Staub,* 61 Conn. 553, 23 Atl. 924.

Section 97a of the General Statutes, Cum. Sup. 1931 (*supra*), vests in the board of education the discretion to determine whether or not transportation shall be provided or the whole or a part of the reasonable and necessary cost thereof be paid. When it voted that transportation be provided, it became the duty of the town board of finance, upon submission of an estimate under § 154a, *supra,* to include in its estimates and recommendations a sum reasonably necessary to pay for this transportation. So far as appears, the amount required to meet the payments to the plaintiff under the agreement with it is not unreasonable. The right of the plaintiff to recover is not defeated by the failure of the board of finance to include this item in its estimates and recommendations and the consequent absence of any appropriation therefor by the town. The demurrer, which raises this point only, should have been overruled.

There is error; the cause is remanded with direction to overrule the demurrer, and the case to be proceeded with according to law.

In this opinion the other judges concurred.