THE TOWN OF DANBURY ET AL. v. AXEL LINDSTROM ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE NO. 75672

Memorandum filed September 5, 1947.

*Rocco LaCava*, of Danbury, for the Plaintiffs.

*John Sturges*, of Georgetown, for the Defendants.

MURPHY, J. The plaintiffs seek a temporary injunction to restrain the defendants, as county commissioners of Fairfield County, from closing the jail at Danbury on October 1, 1947, and from selling the jail property. On May 28, 1947, the duly elected senators and representatives from Fairfield County to the General Assembly at a county meeting adopted a resolution to discontinue and close the Danbury jail on or before October 1, 1947, and directing the commissioners to sell the property. This action was reaffirmed at a special county meeting on August 5, 1947. · The plaintiffs are the town of Danbury, the selectmen of the town of Danbury and two of the selectmen as individual taxpayers.

Section 2005 of the General Statutes provides that there shall be a jail in the town of Danbury. Section 211 provides that the senators and representatives resident in the county shall make the necessary appropriations for lawful purposes. In both of these statutes the word "shall" mean "must." It is mandatory, not discretionary. So long as these two statutes remain in force the county meeting lacks the authority to abolish the jail and must provide the funds for its continued operation. Failure of the county meeting to provide the necessary appropriation when the budget was adopted is no defense.

"The want of money in the treasury can only be owing to the omission of the proper authorities to levy and collect the necessary tax . . . The neglect or omission to provide money can never absolve a public corporation from the duty to discharge a statutory liability." *New Milford* v. *Litchfield County*, 70 Conn. 435, 439.

At the hearing on this motion and in their brief, the defendants contend that the temporary injunction should not issue because the plaintiffs will not be irreparably damaged. The enactment of laws in this state is vested in the General Assembly as a legislative body and not in a segment thereof — the

legislators from any one county. While the damage to the plaintiffs, if the jail is closed, would not be so great so long as the Bridgeport jail is operated, the harm that would be done to our system of government is immeasurable. To permit the county legislators to nullify the acts of the superior body, the legislature and to act illegally, in violation of the laws they have sworn to uphold, would create a situation extremely detrimental to orderly government. "Where an injury is of such a nature that it cannot be adequately compensated in damages, or cannot be measured by any pecuniary standard, it is irreparable . . . Whether damages are to be viewed by a court of equity as irreparable or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary measure of the loss suffered." *New London* v. *Perkins*, 87 Conn. 235.

The temporary injunction will issue without bond. Counsel will prepare the necessary order.