BOROUGH OF WALLINGFORD *v.* TOWN OF WALLINGFORD

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 85382

Memorandum filed June 13, 1957.

*Joseph N. Manfreda,* of Wallingford, for the plaintiff.

*Robert L. Fay* and *William H. Regan,* both of Wallingford, for the defendant.

PHILLIPS, J. The complaint is based on § 43 of the charter of the plaintiff borough, which provides that the selectmen of the defendant town, and an equal number of the burgesses of the borough shall annually determine, by a majority vote, the amount of money necessary to make and repair the highways of the town within the borough; that the sum determined upon shall be paid by the town to the borough and that the town shall not be liable to make or repair any highways within the borough.

The special defense is that § 780 of the General Statutes provides that no officer of any town shall expend or enter into any contract by which the town shall become liable for any sum which, with any contract then in force, shall exceed the appropriation

for the department; that no appropriation for any payment to the borough for highway purposes was made in the 1957 budget; and that the board of selectmen of the town did not have power to enter into any agreement to pay the borough for highway purposes any sum until an appropriation therefor was approved.

These allegations do not constitute a valid defense. The case of *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 156, is decisive. The neglect or omission to provide money therefor does not absolve a public corporation from the duty to discharge a statutory liability.

Section 780 of the General Statutes is not applicable to the present situation. This case does not concern a contract made by an officer of the town making the town liable for a sum which exceeds the appropriation for some department of the town. It is based upon the statutory liability of the town itself for an amount determined in a manner specified in the statute. This is pointed up by the further provision of § 43 of the charter that in case of a tie in the vote by the selectmen and burgesses, the county commissioner residing nearest the borough shall be called upon to give the deciding vote.

The case of *Fowler* v. *Enfield,* 138 Conn. 521, is not in point. There the board of education, town officers, entered into a contract by which the town was to become liable for a sum in excess of the appropriation of the department.

The plaintiff also demurs to certain allegations contained in paragraphs 3 and 4 of the answer. Those allegations, mixed up with admissions and denials, are improper in this part of the answer. Practice Book § 106. A demurrer is not the proper remedy. The court of its own motion orders expunged from paragraph 3 of the answer the allega-

tions following the admission of paragraphs 12 and 13 of the complaint, and from paragraph 4 of the answer, the allegation following the admission of paragraph 14 of the complaint.

The demurrer to the special defense is sustained.