BOARD OF EDUCATION OF THE TOWN OF TRUMBULL *v.* JAMES A. BUTLER ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE NO. 152980
                      AT BRIDGEPORT

Memorandum filed December 20, 1974

*Vause & Sullivan,* for the plaintiff.

*DePiano & Petrucelli,* for the defendants.

*Robert K. Killian,* attorney general, and *Ralph G. Murphy,* assistant attorney general, for the named defendant.

TEDESCO, J. This is a declaratory judgment proceeding. The pertinent facts are these: On or about January 8, 1974, the board of education of the town of Trumbull submitted an itemized estimate of its costs for the upcoming year simultaneously to the Trumbull board of finance and the first selectman

of the town. General Statutes § 10-222[1] states that such estimates are to be submitted to the board of finance of the town, while chapter 4, § 5, of the Trumbull charter[2] requires such submissions to be made to the first selectman, who then proposes a budget to the town board of finance. The first selectman reduced the requested amount by $400,000 and submitted his proposed estimates to

---

[1] "Sec. 10-222. APPROPRIATIONS AND BUDGET. The board of education in each city or town, and the school committee of each school district, as the case may be, shall prepare an itemized estimate of the cost of maintenance of public schools for the ensuing year and shall submit such estimate to the board of finance in each town having a board of finance and to the board of selectmen in each town having no board of finance and, in any city having a board of finance, to said board, otherwise to the authority making appropriations therein, not later than two months preceding the annual meeting at which appropriations are to be made. The money appropriated by any city, town or school district for the maintenance of public schools shall be expended by and in the discretion of the board of education. Any such board may transfer any unexpended or uncontracted-for portion of any appropriation for school purposes to any other item of such itemized estimate. Expenditures by the board of education in each city, town or school district, as the case may be, shall not exceed the appropriation made by the city, town or school district, with such money as may be received from other sources for school purposes. The annual report of the board of education shall include a summary showing (a) the total cost of the maintenance of schools; (b) the amount received from the state and other sources for the maintenance of schools, and (c) the net cost to the town, city or school district of the maintenance of schools."

[2] Chapter IV, § 5, of the Trumbull Charter, entitled "Annual budget," provides: "The first selectman shall be responsible for the preparation of the budget to be submitted to the board of finance as herein provided. Said budget shall be based upon detailed estimates furnished to the first selectman by the several departments and other divisions of the town government, according to a classification as adopted by the board of finance, and shall include the following information: (a) An itemized statement of appropriations recommended by the first selectman for current expenses, capital items and permanent improvements for each department and each division thereof for the ensuing fiscal year together with comparative statements in parallel columns of the appropriations and expenditures for the current and preceding fiscal years and the increases or decreases between the current and ensuing fiscal years and the

the board of finance, where a full public hearing was held pursuant to chapter 5, § 2, of the Trumbull charter.[3] The board of finance failed to adopt a budget for submission to the town council. Rather, the board's six members split evenly in vote. Because the board failed to adopt a budget, the proposed budget submitted to it by the first selectman was deemed, under the provisions of chapter 5, § 2,

appropriations recommended.    (b) An itemized statement of the taxes required and of the estimated revenues of the town from all other sources for the ensuing fiscal year, with comparative statements in parallel columns of the taxes and other revenues for the current and preceding fiscal year, and of the increases or decreases estimated or proposed; (c) Financial statements of most recent date, as provided in chapter IV section 2 and such other information as may be required by the council or the board of finance."

[3] Chapter V, § 2 of the Trumbull Charter, entitled "Powers and duties," provides: "The board of finance shall have the powers and duties imposed by the General Statutes on boards of finance, except as provided in this Charter. The board of finance shall conduct a public hearing on the proposed budget estimates, appropriations, and estimates of receipts submitted to it by the first selectman not later than the second Tuesday of March in each year and may adjourn the same from time to time to a day not later than the third Tuesday in March in said year, and at said meeting or adjournment thereof, it shall hear all parties who may desire to be heard relative to any alterations in said estimates and appropriations and may make such changes in said estimates and appropriations as it shall deem proper. The board of finance may add new items not contained in the proposed budget submitted by the first selectman. The board of finance shall cause to be published a statement of estimated appropriations and receipts and the estimated tax rate. Said board of finance shall hold a meeting on the last Tuesday in March and at such meeting shall adopt a proposed budget for submission to the council. If the board of finance shall not have submitted a budget to the council on or before the first Tuesday of April, the budget submitted to the board of finance by the first selectman shall be deemed the budget submitted to the council. The council may reduce any item in the budget submitted by the board of finance by a majority vote of the council members present and voting but may increase any items in said budget or add a new item to said budget only on a 2/3rd affirmative vote of the entire membership of the council provided, however, that new items may be added by the council only to the extent that such items were included in the budget submitted by the first selectman and provided however that any increase of any items in said budget shall not be in excess of the amount included in the budget submitted by the first selectman."

to be the budget submitted for vote to the town council. The budget as submitted by the first selectman to the board of finance was voted on and approved by the town council.

The plaintiff asks four questions in this declaratory judgment proceeding. The essential issue which has been submitted to this court, both by way of the questions posed and the arguments and briefs of counsel, is, however, whether the procedure outlined in the Trumbull charter for the adoption of a budget can apply consistently with the procedure outlined in General Statutes § 10-222. There is no claim that the procedure set forth in the Trumbull charter was not followed. Nor is there any claim that the amount eventually appropriated was so unreasonably low as to prohibit the board of education from meeting its statutory duty of implementing the educational interests of the state. See General Statutes § 10-220.[4]

Because broad powers are given to both boards of education and boards of finance, frequent clashes have arisen and will continue to arise over the precise limits of the powers of each body. *Fowler* v. *Enfield,* 138 Conn. 521, 532. Clearly the furnishing of education to inhabitants of a town

---

[4] "Sec. 10-220. DUTIES OF BOARDS OF EDUCATION. Boards of education shall maintain in their several towns good public elementary and secondary schools, implement the educational interests of the state as defined in § 10-4a and provide such other educational activities as in their judgment will best serve the interests of the town; provided any board of education may secure such opportunities in another town in accordance with provisions of the general statutes and shall give all the children of the town as nearly equal advantages as may be practicable; shall have charge of the schools of their respective towns; shall make a continuing study of the need for school facilities and of a long-term school building program and from time to time make recommendations based on such study to the town; shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes; shall determine the number, age and qualifications of the pupils to be admitted into each school; shall employ and dismiss the teachers of

is a state function and duty. *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 418; *Board of Education* v. *Board of Finance,* 127 Conn. 345, 349; *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 155. For a board of education to perform its essential duties, the municipality in which it is located is obligated to supply sufficient funds regardless of whether such funds have been approved or appropriated by the municipality's legislative or financial body. *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 399. As pointed out in *Groton & Stonington Traction Co.* v. *Groton,* supra, 158, one of the legislative purposes in establishing boards of finance is to afford a check on the incurring of various expenses by the town. The controlling rule of law as to the respective functions of boards of education and finance has been summarized in *Board of Education* v. *Board of Finance,* supra, 350: "Where a town board of education includes in the estimates it submits to a board of finance expenditures for a purpose which is not within statutory provisions imposing a duty upon it nor within one which vests it with a discretion to be independently exercised, the board of finance may, if in its judgment, considering not only the educational purpose to be served but also

the schools of such towns subject to the provisions of sections 10-151 and 10-158a; shall designate the schools which shall be attended by the various children within their several towns; shall make such provisions as will enable each child of school age, residing in the town, who is of suitable mental and physical condition, to attend some public day school for the period required by law and provide for the transportation of children wherever transportation is reasonable and desirable, and for such purpose may make contracts covering periods of not more than five years; may arrange with the board of education of an adjacent town for the instruction therein of such children as can attend school in such adjacent town more conveniently; shall cause each child between the ages of seven and sixteen living in the town to attend school in accordance with the provisions of section 10-184, and shall perform all acts required of them by the town or necessary to carry into effect the powers and duties imposed upon them by law."

the financial condition of the town, it finds that the expenditure is not justified, decline to recommend an appropriation for it; where, however, the estimate is for an expenditure for a purpose which the statutes make it the duty of the board of education to effectuate or they vest in the board of education a discretion to be independently exercised as to the carrying out of some purpose, the town board of finance has not the power to refuse to include any appropriation for it in the budget it submits and can reduce the estimate submitted by the board of education only when that estimate exceeds the amount reasonably necessary for the accomplishment of the purpose, taking into consideration along with the educational needs of the town its financial condition and the other expenditures it must make. The board of finance in such a case must exercise its sound judgment in determining whether or to what extent the estimates of the board of education are larger than the sums reasonably necessary and if it properly exercises its discretion and the budget is approved by the town the board of education has no power to exceed the appropriations made." As reaffirmed in *Board of Education* v. *Ellington*, 151 Conn. 1, 8, "the board of finance has a broad but not unlimited power to determine the amount that the municipality will appropriate, among other things, for educational purposes." The control exercised by the board of finance, however, "must be exercised reasonably by taking into consideration the duty of the board of education to maintain in the town a program of educational opportunity which meets the requirements of state law; the power of the board of education to exercise a sound and reasonable discretion in carrying out its duties; and the town's financial needs and resources." Id., 9.

According to the Trumbull charter, chapter 5, § 2, the body ultimately charged with approving or

rejecting a proposed budget is the town council. The board of finance receives a proposed budget from the first selectman. The board may raise or lower amounts suggested by the first selectman and may add to or subtract from the various items of expenditure. Only in the event the board of finance fails in its duty to adopt a budget for submission to the town council is the budget proposed by the first selectman deemed to be so submitted. Essentially, both General Statutes § 10-222 and chapter 5, § 2, of the Trumbull charter give the board of finance complete discretion, subject to the above-cited rules of law, in adopting a budget for submission to the authority ultimately making appropriations. The only difference is that the Trumbull charter provides for the situation in which the board of finance fails to adopt a budget. In that way, the appropriations process is not needlessly stalled, and the town's financial requirements are timely met.

Were this a situation in which a board of finance reduced an estimate of the board of education so that the sum appropriated was less than reasonably necessary to carry out the statutory function of the board of education, there would be a real need for some adequate relief, by declaratory judgment or otherwise. See *Board of Education* v. *Board of Finance,* 127 Conn. 345, 353. Likewise, were this court here concerned with a refusal of the board of finance to provide funds for contract obligations undertaken by the board of education, the scope of inquiry would be necessarily broadened. See *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151; *State ex rel. Board of Education* v. *Quinn,* 28 Conn. Sup. 265.

In the instant case, funds for educational purposes were appropriated properly under the charter of the town of Trumbull. The power of the munici-

pality to control the budget of its board of education, as outlined in General Statutes § 10-222, has been in no way usurped by the Trumbull charter. Absent a claim either that an unreasonably low appropriation has been made or that the board of finance has prevented the board of education from exercising a discretion independently vested in it, the fact that a failure by the board of finance to adopt a budget necessitated an alternative appropriations method is of no concern to the board of education.

The purpose of the above discourse is to set forth fully and completely the general law applicable to disputes such as the present one. The court declines to answer specifically the questions posed not only because they are argumentative and imprecise; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 373; *Holt* v. *Wissinger,* 145 Conn. 106, 109; but also because, in light of the above discussion, the court does not find "an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties." Practice Book § 309 (b).