Wright v. City of Hartford.

DUDLEY WRIGHT vs. THE CITY OF HARTFORD.

The constitution of the state (24th Amendment) provides that "neither the General Assembly nor any county, city, borough, town or school district, shall have power to grant any extra compensation to any public officer, employee, agent or servant, or increase the compensation of any public officer or employee, to take effect during the continuance in office of any person whose salary might be increased thereby." Held that a person employed as tillerman of a ladder carriage in the fire department of a city, at a fixed yearly salary, payable monthly, and who was to hold his place during good behavior, was within the provision, and that his salary could not be increased during his continuance in the employment.

CIVIL ACTION to recover for services as a fireman; brought originally before a justice of the peace, and, by appeal of the defendant, to the Court of Common Pleas of Hartford County. Facts found in that court, and case reserved for advice. The case is fully stated in the opinion.

C. J. Cole, for the plaintiff.

S. O. Prentice, for the defendant.

PARDEE, J. On June 4th, 1878, the plaintiff entered into a contract with the defendant city to serve it in its fire

department as tillerman of a ladder carriage, to hold his place during good behavior; his compensation to be $650 per year, payable monthly. This continued service included the month of July, 1882. In March of that year the common council voted that his salary should thereafter be $750 per year. He was paid for the month of July following at the rate of $650 only; he claims payment at the rate of $750, and his suit is for the unpaid balance. The Court of Common Pleas reserves the case for the advice of this court.

The constitution provides that "neither the General Assembly, nor any county, city, borough, town, or school district, shall have power to pay or grant any extra compensation to any public officer, employee, agent or servant, or increase the compensation of any public officer or employee, to take effect during the continuance in office of any person whose salary might be increased thereby, or increase the pay or compensation of any public contractor above the amount specified in the contract."

This is the clear expression of an intent to render impossible any addition to the pay, fixed by statute or contract, of any person serving the state or any municipality. The provision regards an increase during the term of service and a gift at its close as equally destructive of the public good and aims to prevent both; the latter by the first clause, the former by the second. As it regards an increase and a gift with equal abhorrence, so it abhors them equally whether made in behalf of the servant highest in dignity or of the lowest. The first clause from abundant caution and with repetition uses the words "public officer, employee, agent or servant." The second clause uses the words "officer" and "employee." But these two are equally inclusive with the other four; and the manifest intent to include all, and the express mention of "employee," are not to be nullified by the subsequent use of the words "officer" and "salary." The plaintiff is within the prohibition.

The Court of Common Pleas is advised to render judgment for the defendant.

In this opinion the other judges concurred.