JAMES H. SULLIVAN *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1909
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In placing the power of taxation and apportionment in the hands of a special board, and in forbidding expenditures for any purpose except from appropriated funds, the charter of the city of Bridgeport (15 Special Laws, pp. 493–556) sought to protect the taxpayers from unusual and unnecessary disbursements—not to cripple the different departments of the city government by depriving them of the means of paying their lawful salaries and running expenses. Accordingly, where a definite sum of money is allotted to the police department for general purposes, the mere refusal of the board

Sullivan *v.* Bridgeport.

of apportionment and taxation to include in such sum an amount sufficient to pay a lawful increase in the wages or compensation of the policemen is not in itself a defense to an action against the city by one of them to recover such increase, unless it also appears that at the date of the commencement of the suit the unexpended portion of the appropriation was insufficient to pay the increase on all salaries and wages then due; since it is competent for the police commissioners, by cutting down expenses elsewhere, to reserve a sufficient sum for this purpose.

The purpose of the Twenty-fourth Amendment to the Constitution of this State, prohibiting municipalities from paying extra compensation to public officers and from increasing their compensation while they continue in office, was to take from the public bodies therein mentioned the power to make gratuitous compensation in addition to that established by law or contract; but the Amendment does not either directly or by implication deprive a city of the power to regulate by legislation the compensation of its public officers or employees, which, therefore, may be increased by an ordinance regularly passed and taking effect in the future.

A policeman of a city who practically holds his office during good behavior, does not hold for any certain, fixed or definite term, and is therefore not affected by a clause in the city charter which forbids the common council from increasing or diminishing the salary of any officer, employee, agent or servant of the city, "chosen or appointed for a certain term."

Argued January 28th—decided February 16th, 1909.

ACTION by a policeman to recover an increased *per diem* compensation or wage, pursuant to a city ordinance, brought to and reserved by the Court of Common Pleas in Fairfield County, *Scott, J.,* upon a finding of facts, for the advice of this court. *Judgment advised for plaintiff.*

*Elmore S. Banks* and *William A. Redden,* for the plaintiff.

*Thomas M. Cullinan,* for the defendant.

THAYER, J.   The plaintiff has been a member of the defendant's police force since 1886. Prior to October 9th, 1907, and continuously up to the commencement of this action, he had been a policeman in Grade A, the highest of the four grades into which the patrolmen of the police

force are divided. By an ordinance fixing the salaries and compensation of the officers and men of the police department, in force on and before October 9th, 1907, policemen in Grade A were entitled to, and received, $2.90 per day. On that day the common council passed an ordinance, to take effect at the beginning of the city's next fiscal year, April 1st, 1908, and repealing as of that date all inconsistent ordinances, whereby the salary or compensation of each of the officers and each grade of patrolmen was increased. The salary or compensation thereby fixed for patrolmen in Grade A was $3.25 per day. The plaintiff, without reappointment, continued to serve as a patrolman in that grade after April 1st, 1908, and has demanded payment for such service since that date at the rate of $3.25 per day. The defendant has paid him at the old rate, $2.90 per day, and has refused to pay the balance claimed. The case is reserved for the advice of this court upon an agreed statement of facts.

The defendant's refusal to pay the increased compensation is based upon three grounds: first, because "both the board of apportionment and taxation and the common council of the defendant city failed and refused to make an appropriation for the police department sufficient to pay such increase in the compensation of members of the police department, and because it is provided by the charter of the city that no money other than that appropriated shall be expended for any purpose"; second, "because it is provided by said city charter that 'no salary of any officer, employee, agent or servant of the town or city elected, chosen or appointed for a certain term, shall be increased or diminished by any action of the common council to take effect during said term' "; third, because "such attempted increase in the compensation of the members of the police department was prohibited by Article XXIV of the Amendments of the Constitution of the State."

It is the duty of the board of apportionment and taxation to determine, in February each year, the requirement of each department of the city government for the ensuing fiscal year, to apportion to each its required amount, and to lay a tax to meet the total requirement. The fact that in making its estimates for the police department this board failed or refused to make an appropriation sufficient to pay the increased compensation to the members of that department, is not conclusive of the plaintiff's right to recover. The purpose of placing the power of apportionment and taxation in the hands of a special board was to protect the taxpayers from unusual and unnecessary expenditures, not to cripple the different departments by depriving them of the means of paying the ordinary salaries and running expenses of their departments. The board of police commissioners have no power to fix the number of patrolmen in their department, or the pay of any of them. This power is given to the common council. After the number is fixed, the board appoints the required number, and can remove them only for cause, unless the number is reduced by the common council. The police commissioners cannot reduce or change the pay of the patrolmen. It clearly is not the intention of the charter that the board of apportionment and taxation should reduce the patrolmen's pay by apportioning to the police department an insufficient sum to provide the compensation fixed by law. When the number and compensation of the policemen have been legally established, it is the duty of that board to provide, by a sufficient appropriation and tax levy, for their payment. But if they fail to do this, the police commissioners may—the appropriation for their department being for a definite sum for general purposes—by cutting expenses elsewhere, reserve sufficient for the payment of the fixed salaries. If this is not possible, the common council may, under the charter, make a special appropriation to meet the deficiency, if there

is unappropriated revenue of the city sufficient to meet it, and if not, it can reduce the number of policemen, so that the appropriation already made will be sufficient to meet the salaries of those remaining. It is found as a part of the case that the board of apportionment and taxation failed and refused to make an appropriation sufficient to pay the increased salaries in the police department, provided for in the ordinance of October 9th, 1907, and that the common council has not since reduced the number of policemen, or made a special appropriation for the purpose of paying the increase in salaries and compensation. But it is not found that, at the time this action was brought, there was not remaining, of the appropriation which was made, sufficient to pay the increase on all salaries then due. Less than two thirds of the fiscal year had then passed, and presumably a large part of the appropriation for the police department then remained unexpended. It does not appear, therefore, that the city was not then in funds, appropriated for the purpose, sufficient to pay the plaintiff's demand. Upon the facts found, therefore, the defendant's first defense does not justify its refusal to pay the balance claimed, if the same was legally due.

We assume that the refusal of the board of apportionment and taxation to appropriate sufficient to meet the increase in salaries was because the board questioned, upon the grounds now urged by the defendant, the legality of that increase. If, as claimed, the common council, in repealing the former ordinance and by passing a new one establishing larger salaries or compensation for the policemen, acted in violation of the defendant's charter, or of Article Twenty-Four of the Amendments to the Constitution of the State, their action was void and the increase was invalid.

The construction and purpose of Article Twenty-Four of the Amendments to the Constitution received the attention of this court in the recent case of *McGovern* v.

*Mitchell,* 78 Conn. 536, 63 Atl. 433, and was there carefully and fully considered. It is there held that it is the purpose of the Article to take from the public bodies therein mentioned, including cities, the power to make gratuitous compensation to public officers and employees in addition to that which is established by law or contract; and that it does not, either directly or by implication, take from them the power to regulate by legislation the public services and the compensation of public officers. They may, therefore, to the extent of their legislative power, enact laws or ordinances fixing the future compensation of such officers. The ordinance in question purports to establish the compensation which all the members of the police department shall receive after the 1st day of April following its enactment. It is not the vote of a gratuity in excess of what the law allows them, but a law establishing what they shall receive in the future. It differs in this respect from the vote in the case of *Wright* v. *Hartford,* 50 Conn. 546, relied upon by the defendant. In that case a gratuity was voted by resolution to a tillerman in excess of the amount fixed by the existing ordinance. The ordinance in the present case was not within the prohibition of Article Twenty-Four of the Amendments to the Constitution.

If the common council had power to enact the ordinance, it was, therefore, valid. The charter gives the common council the power to make, alter and repeal orders and ordinances relating to the salaries and compensation of all officers of the city. 15 Special Laws, pp. 493, 514, 515. That the legislature could confer upon the city the power of such local legislation is unquestionable. *State* v. *Carpenter,* 60 Conn. 97, 103, 22 Atl. 497; *Wallingford* v. *Hall,* 64 Conn. 426, 431, 30 Atl. 47; *State* v. *Cederaski,* 80 Conn. 478, 480, 69 Atl. 19. But the charter contains a provision that "no salary of any officer, employe, agent, or servant of the town or city, elected, chosen, or appointed for a certain

term, shall be increased or diminished by any action of the common council to take effect during said term," (15 Special Laws, p. 507, § 35) and it is claimed that the ordinance in question violates this provision of the charter. The provision affects only those officers who are chosen or appointed for a "certain term." The plaintiff was appointed in 1886, before the present charter and a preceding one were granted, and by the provisions of these two charters the plaintiff and other policemen in office when they were granted were continued in office. It does not appear for what, if any, term they were originally appointed. By the terms of the present charter all policemen hold office until removed or expelled by the police commissioners for just cause, unless the common council reduces their number, in which case, and for that cause, said commissioners may dismiss a sufficient number to effect the reduction. Their tenure of office is therefore substantially during good behavior. They are not for a certain, fixed or definite term. The charter, in another section, makes certain provisions apply both to persons holding office for a fixed term, and to those holding by tenure of good behavior, thus recognizing a distinction between the two tenures. The charter, by the prohibition in question, manifestly intends that when a person holds office for a fixed and certain term his salary or compensation shall not be increased during such term; but does not aim to prevent an increase of the salary or compensation of those whose terms are of uncertain and indefinite duration. It is well known that living expenses and wages have greatly increased since the plaintiff was appointed in 1886. It is reasonable, and was doubtless intended, that the salaries and compensation of the city's officers and employees should be kept proportionate to the expenses of living and the general rate of wages. The provision of the charter prohibiting a change of compensation was therefore limited to the cases of those short-term officers and employees

the term of whose service is fixed and certain. The action of the common council in passing the ordinance establishing the compensation of policemen after April 1st, 1908, so far as it affected the salaries of patrolmen, was not prohibited by the charter, but was legal. The plaintiff, therefore, is entitled to be paid, as claimed by him, at the rate of $3.25 per day.

The Court of Common Pleas is advised to render judgment for the plaintiff.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.