THE BOARD OF EDUCATION OF THE TOWN OF STAMFORD *v*. THE BOARD OF FINANCE ET AL.

MALTBIE, C. J., AVERY, BROWN, ELLS and BOOTH, Js.

Argued October 2—decided December 5, 1940.

*Warren F. Cressy,* with whom was *Warren F. Cressy, Jr.,* for the appellant (plaintiff).

*George Wise,* with whom was *Sydney C. Kweskin,* for the appellees (defendants).

MALTBIE, C. J. In this action for a declaratory judgment brought by the board of education of the town of Stamford against the town and its board of finance, the plaintiff sought a declaratory judgment as to the respective powers of the two boards over expenditures in the town for school purposes. The action was brought in August, 1937. The complaint contained various allegations as to the actions of the two boards with reference to school budgets subsequent to the year 1925, and certain specific allegations as to the budget for the year 1937-1938; and to it was attached as an exhibit a copy of a form of contract made by the board of education with its teachers.

The complaint ended with a prayer for a judgment determining five questions. One was as to the respective powers of the boards with respect to estimates submitted by the board of education to the board of finance; another was as to the validity of the action of the board of finance in reducing the estimates submitted by the board of education for the year 1937-1938; another asked whether contracts which the board of education had made with teachers or others of its employees were valid and existing obligations of the town in the amounts of the salaries stated in them; another asked a like question as to contracts, generally, entered into by the board of education not in excess of the estimates it had submitted but in excess of the sums finally appropriated after the reductions made by the board of finance; and the last concerned the power of the board of finance to reduce specific items in the estimate submitted by the board of education or to direct, either directly or by implication, the method by which the amounts appropriated for school purposes should be expended. On September 16, 1938, a supplemental complaint was filed, which stated that since the action was commenced the budget for the year 1938-1939 had been adopted and made specific allegations as to that budget; but no further prayers for relief were added. The trial of the action began in December, 1938, and the judgment bears the date of March 28, 1939. The case comes before us at the October term, 1940.

We have hesitated whether we ought to entertain this appeal at all. The authority given to the courts of this state by the legislature to render declaratory judgments was not intended to broaden their function so as to include issues which would not be such as could be determined by the courts in ordinary actions. One of the conditions for rendering a declaratory judg-

ment is that the person seeking it must have an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations. Practice Book, § 250. The controversy between the boards falls rather within the political aspects of government than the judicial. The town is seeking no relief. No contract or property rights of either of the boards and no contract, property or personal rights of any of their members as such will be affected by the decision; no justiciable right is involved. Moreover, in so far as a judgment is sought with reference to the powers of the board of finance to reduce the estimates of the board of education for the school year 1937-1938 it is not disputed that the latter operated its schools within the limitation of the appropriations submitted by the board of finance and approved by the town. The power of the board of finance to reduce the estimates of the board of education for the school year 1938-1939 is not strictly before us because no question as to it is included in the prayers for relief. It may be that had the trial court properly sustained the contention of the plaintiff with reference to this budget the board of finance might have submitted to a town meeting a supplemental budget during the course of that year; but more than a year since its expiration has now passed. It does not appear that a decision by this court that the board of finance was without power to reduce the estimates of the board of education in either of these years would produce anything but confusion. The passage of time has apparently made these issues academic. If under the contracts made with the teachers and employees of the board of education less was in fact paid to them than they would have received had its estimates not been reduced, any teacher or employee so affected might have an interest in the issues presented as to

the budgets for particular years; but that fact is not found, and if it were, any teacher or employee so affected would be a necessary party to the determination of those issues. The same considerations would prevent us in any case from answering the question as to the extent the town became obligated to pay contracts entered into by the board of education not in excess of the estimates it submitted to the board of finance but in excess of the amount finally appropriated. The determination of the question as to the respective powers of the two boards with reference to the estimates submitted by the board of education involves nothing more than an application of the principles of law which we have already determined in an action properly before us. We have decided therefore to entertain the appeal so far as that issue is involved but not to consider the other questions argued before us.

A town board of education is an agency of the state in charge of education in the town; to that end it is granted broad powers by the legislature; and it is beyond control by the town or any of its officers in the exercise of those powers or in the incurring of expense, to be paid by the town, necessitated thereby, except as limitations are found in statutory provisions. *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 155, 160 Atl. 902; General Statutes, Cum. Sup. 1935, § 297c. The issue presented is, then, whether the General Assembly has narrowed the powers of boards of education by its statutes, and particularly by the provisions contained in Chapter 28 of the General Statutes, §§ 413-422, as amended by §§ 85c-87c of the Cumulative Supplement of 1935, establishing and defining the powers of town boards of finance and § 275c of that supplement, providing for the submission of estimates to that board

by boards of education. In *Groton & Stonington Traction Co.* v. *Groton,* supra, the facts were that a town board of education had assumed a contract, made originally by a high school committee with the plaintiff for the transportation of high school pupils and had requested the town board of finance to include in the budget it submitted to the town meeting an item to cover the obligations incurred under the contract, but the board of finance did not grant the request. By § 97a of the Cum. Sup. of 1931 (Cum. Sup. 1935, § 203c) it was provided that town boards of education might provide for the transportation of pupils attending high schools or might pay the whole or part of the reasonable and necessary cost thereof. The plaintiff brought an action against the town to recover on the contract and the defense was that no appropriation had been made to pay any obligation incurred under it. The question of the respective powers of a town board of education and a town board of finance was directly presented. Speaking by Hinman, J., we reviewed the applicable statutes; and, without quoting the opinion, it may be briefly summed up, as applicable to such a case as the one now before us, as follows: Where a town board of education includes in the estimates it submits to a board of finance expenditures for a purpose which is not within statutory provisions imposing a duty upon it nor within one which vests it with a discretion to be independently exercised, the board of finance may, if in its judgment, considering not only the educational purpose to be served but also the financial condition of the town, it finds that the expenditure is not justified, decline to recommend an appropriation for it; where, however, the estimate is for an expenditure for a purpose which the statutes make it the duty of the board of education to effectuate or they vest in the board of education a

discretion to be independently exercised as to the carrying out of some purpose, the town board of finance has not the power to refuse to include any appropriation for it in the budget it submits and can reduce the estimate submitted by the board of education only when that estimate exceeds the amount reasonably necessary for the accomplishment of the purpose, taking into consideration along with the educational needs of the town its financial condition and the other expenditures it must make. The board of finance in such a case must exercise its sound judgment in determining whether or to what extent the estimates of the board of education are larger than the sums reasonably necessary and if it properly exercises its discretion and the budget is approved by the town the board of education has no power to exceed the appropriations made.

Various duties are imposed by the statutes upon the boards of education and in many matters the boards are given discretion to be independently exercised, within the opinion in the *Groton* case. For example, § 185c of the Cum. Sup. of 1935, after specifying certain subjects to be taught in the schools, gives to boards of education discretion to prescribe other subjects; and if a board of education determines that a particular subject shall be taught in the schools in the town the board of finance could not refuse to include in its proposed budget the necessary expenditure or reduce the estimate of the board of education therefor, unless in its judgment the amount requested was in excess of that reasonably necessary in view of the considerations we have stated. As the powers of the board of finance vary according as an estimate by the board of education is, on the one hand, for an expenditure for a purpose which it is the duty of the board of education to effectuate or the carrying out of which is

for it to determine in its independent discretion or, on the other hand, is for one not within these classes, the estimates of the board of education should be itemized so as to indicate whether a proposed expenditure falls within one class or the other; and the action of the board of finance, before any reduction could be made, would necessarily involve a separate consideration of the various items. The town board of finance may properly make suggestions to the board of education as to changes the former deems desirable in the estimates submitted by the latter but the board of finance can act only upon the estimates which the board of education ultimately submits. Section 275c of the Cum. Sup. of 1935 expressly provides that "the money appropriated by any city, town or school district for the maintenance of public schools shall be expended by and in the discretion of the board of education" and that the board may transfer an unexpended or uncontracted-for portion of any appropriation to any other appropriation made for it. Neither the board of finance nor the town can impose any condition as to the way in which the money appropriated for a certain purpose will be spent by the board of education nor prevent that board from making transfers of appropriations within the power given to it by the statute.

As pointed out in the brief in behalf of the board of education, it is probably true that in many instances a board of finance does not have as sound an understanding of the educational needs of a town as does its board of education and that therefore a decision by the former to reduce an estimate submitted by the latter may not in fact conduce to the best educational interests of the people of the town; but, on the other hand, it is more than possible that a board of education, less familiar with the finances of the town or

perhaps with financial matters in general, if left without a check, might incur expenditures which are not reasonably necessary to serve those interests and the expenses of which the town could ill afford to meet. One purpose of the legislature in establishing town boards of finance is, as we pointed out in the *Groton* case (p. 158), to afford a check against the incurring of such expenses on the part of the town. It is also true that where a board of finance reduces an estimate of a board of education so that the sum appropriated is less than is reasonably necessary to carry out the purpose to be served or where it takes such action not in the exercise of a sound judgment but from improper motives or without sufficient understanding, there would seem to be no adequate remedy which the board of education might effectively invoke. The legislature, however, evidently deemed it necessary in the interests of sound municipal finance to give to town boards of finance the powers we have outlined. If such boards do not exercise their judgment intelligently, fairly and disinterestedly, the situation is one, unfortunately not unknown, wherein a public official fails properly to perform the duties of his office, and the remedy is that inherent in the theory of representative government, to replace him by another. If the result brought about by the statutes, which are evidently designed to produce a nice balancing of powers between the two boards do not serve the public interests, the recourse is not, where no justiciable rights are involved, to seek to make the courts arbiters in a controversy essentially political, but to ask the legislature to change or better define the respective powers of the boards.

The answer given in the judgment of the trial court to the first question submitted in the complaint was substantially correct but should be modified to accord

with this opinion. The reasons we have given for refusing to consider the answer to the second question dictate that the new judgment which must be entered should not answer it. The trial court should not have answered the third and fourth questions, first, because no facts appear in the record which call for an answer and, secondly, if any person who had entered into a contract with the board of education suffered injury by reason of wrongful conduct on the part of the board of finance in reducing the estimates submitted by the board of education, he was a necessary party to the action; these answers should be stricken from the judgment. The answer to the fifth question was correct.

There is error, and the case is remanded with direction to enter judgment in accordance with this opinion.

No costs will be taxed in this court.

In this opinion the other judges concurred.