### JOHN H. FOWLER ET AL. v. TOWN OF ENFIELD

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 46893

Memorandum filed February 20, 1948

*William S. Gordon, Jr.,* and *Mary C. Fitzgerald,* of Hartford, for the Plaintiffs.

*Francis J. Fahey,* of Thompsonville, for the Defendant.

McDONOUGH, J. This is an action brought by ninety-three employees of the school system of the defendant town to recover a balance claimed to be due to each arising out of a vote of the board of education of said town, passed on April 16, 1947, to increase the compensation of all plaintiffs $250 for the current school year. By compliance with the statute applicable to cases where the plaintiffs are numerous the original complaint was separated into four counts. One hundred dollars of said increased compensation has been paid but on May 20, 1947 said board of education notified each of the plaintiffs that it was impossible to pay said balance of $150 because such payment would exceed the appropriation for said board of education and because the board of finance of said town failed to call a special meeting to consider an additional appropriation for said purpose and the defendant town has refused to pay said additional amount to each of said plaintiffs and each plaintiff severally claims $150 damages.

The defendant demurs to each count on substantially the same grounds but in view of the conclusions hereafter stated it is unnecessary to consider each ground separately.

The demurrer raises the primary and real controversial questions in the case. They are, (1) can the board of education obligate the defendant town to pay money in excess of the appropriation made for the conduct of the school system within the town year? (2) Can the board of finance refuse to recommend to a special meeting an appropriation reasonably necessary to carry out an expenditure deemed desirable and necessary by such board of education in the performance of its statutory functions or in the exercise of its discretion conferred upon it by law? (3) May said board of education enter into contracts to accomplish such purpose which are legally enforceable against said town, even though such contractual expenditures would exceed its appropriation for the current school year?

This situation presents the questions as to the powers and authority and the limitations thereon of the respective boards, the board of education (an agency of the state) and the board

of finance (created by statute with prescribed duties in the financial affairs of the town); the former to provide and maintain "good public elementary and secondary schools and such other educational activities as in their judgment will best serve the interests of the town." General Statutes Sup. 1945 § 237h; the latter board created for the purpose of a check on expenditures from sums appropriated by towns for the use of the former board. Cum. Sup. 1935, § 275c.

These questions have been before our Supreme Court of Errors on several occasions and it seems to this court that two such opinions dispose of this demurrer. The respective duties, powers and limitations of these boards are fully discussed in the case of *Board of Education of Stamford* v. *Board of Finance,* 127 Conn. 345. It is true this was an action for a declaratory judgment but the basic facts and questions are the same as here. A quotation from that case seems to dispose of this question on this demurrer, as follows (p. 352):

"As pointed out in the brief in behalf of the board of education, it is probably true that in many instances a board of finance does not have as sound an understanding of the educational needs of a town as does its board of education and that therefore a decision by the former to reduce an estimate submitted by the latter may not in fact conduce to the best educational interests of the people of the town; but, on the other hand, it is more than possible that a board of education, less familiar with the finances of the town or perhaps with financial matters in general, if left without a check, might incur expenditures which are not reasonably necessary to serve those interests and the expenses of which the town could ill afford to meet. One purpose of the legislature in establishing town boards of finance is, as we pointed out in the *Groton* case (p. 158), to afford a check against the incurring of such expenses on the part of the town. It is also true that where a board of finance reduces an estimate of a board of education so that the sum appropriated is less than is reasonably necessary to carry out the purpose to be served or where it takes such action not in the exercise of a sound judgment but from improper motives or without sufficient understanding, there would seem to be no adequate remedy which the board of education might effectively invoke. The legislature, however, evidently deemed it necessary in the interests of sound municipal finance to give to town boards of finance the powers we have outlined. If such boards do not exercise their judg-

ment intelligently, fairly and disinterestedly, the situation is one, unfortunately not unknown, wherein a public official fails properly to perform the duties of his office, and the remedy is that inherent in the theory of representative government, to replace him by another. If the result brought about by the statutes, which are evidently designed to produce a nice balancing of powers between the two boards do not serve the public interests, the recourse is not, where no justiciable rights are involved, to seek to make the courts arbiters in a controversy essentially political, but to ask the legislature to change or better define the respective powers of the boards."

It will be noted that in addition to the foregoing the court points out in *Board of Education of Stamford* v. *Board of Finance,* supra, 350, that in the case of an original appropriation for the current school year made by boards of education the board of finance in such a case must exercise its sound judgment in determining whether or to what extent the estimates of the board of education are larger than the sums that are reasonably necessary and if it properly exercises its discretion and the budget is approved by the town the board of education has no power to exceed the appropriations made. On the other hand, the court points out if proposed expenditures are for a purpose which the statutes make it the duty of the board of education to effectuate or they vest in the board of education a discretion to be independently exercised as to the carrying out of some purpose, the town board of finance has not the power to refuse to include any appropriation for it in the budget submitted, and can only reduce such estimate when the board of finance believes it exceeds the amount reasonably necessary for the accomplishing of the purpose, taking into consideration along with educational needs of the town, its financial condition and the other expenditures it must make.

It seems from the opinion in this case that the question of reasonableness comes into these matters and that being so it may be necessary to introduce evidence as to whether or not the actions of one board or the other were an abuse of discretion, illegal or beyond the power and authority of such board. When the question of the action of such boards is considered generally some evidence must be produced as to whether such boards acted properly. This being so, a trial of the matter ought to be had so that such evidence, if required, could be presented under proper pleadings.

As an additional reason for the action herein taken in this matter attention is called to the fact that the school year in question has passed and, therefore, the reasoning in the case of *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 424, is pertinent. There the court in substance says that the 1946-1947 appropriation has been overdrawn and that therefore what, if any, relief can be afforded the plaintiff at this time must be determined by the trial court in further proceedings before it. While the Bridgeport case involved mandamus the observations of the court, as above stated, largely apply to the situation here as to expiration of the school year and the appropriation made therefor.

Giving consideration to the foregoing it necessarily follows that this court would not be warranted in sustaining the demurrer. Some grounds of the demurrer contain matters which may be properly pleaded as special defenses or otherwise, but it must be held under the rules of practice that the plaintiffs are not obliged to make negative allegations under the factual situation set forth in the amended complaint in anticipation of defenses available to affirmative pleading by the defendant.

For reasons stated the demurrer is overruled.