## GEORGE RISI ET AL. *v.* CITY OF NORWALK

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued May 9—decided June 24, 1957

*Sidney Vogel,* for the appellants (plaintiffs).

*Vincent D. Flaherty,* for the appellee (defendant).

O'SULLIVAN, C. J. The defendant, a municipal corporation, maintains a police department. The plaintiffs, twenty in number, are all of the commissioned officers below the rank of chief and above that of patrolman. The direction and control of the department is in a police board, one of whose duties is to fix the salaries of the officers and patrolmen. Prior to June 22, 1953, the jurisdiction of the department had been confined to the central area of the city, the outlying sections being the responsibility of constables and the state police. On that date, pursuant to legislation enacted by the 1953 General Assembly and to the favorable result of a referendum, the police service was extended, as of the following September 1, to include all of the territory within the city limits. 26 Spec. Laws 1148.

Early in 1953, the police board had conferred with a committee of the plaintiffs to discuss the matter of salaries for the fiscal year commencing on September 1. The board agreed to submit to the board of estimate and taxation, the budget-making and tax-laying body of the city, a salary schedule

calling for the increases requested by the committee. Thereafter, the police board included the schedule in the departmental estimate which it presented to the board of estimate and taxation. The latter board, however, refused to include in the city budget the amount of the increases or to appropriate funds necessary to pay them. To meet the burden which the extended service placed upon the department, thirteen additional patrolmen, but no new commissioned officers, were added to the force. So far as the officers were concerned, this resulted in an increase in the duties of command and supervision and in the amount of time consumed in carrying out the additional responsibility.

Although presented in various ways, the fundamental point in this case is whether the board of estimate and taxation was obligated to provide funds to pay the salary increases proposed by the police board for the commissioned officers.

In 1935, the General Assembly created the Norwalk police board. 22 Spec. Laws 291. The first section of the act empowers the board to fix the salaries and compensation of all officers and members of the police department. It also provides that the board "shall render annually . . . to the board of estimate and taxation, a full statement of its disbursements and expenditures in [the police] department during the preceding year, with a report of the condition of said department, and an estimate of the necessary expenditures for the ensuing fiscal year." The General Assembly also set up the board of estimate and taxation. 16 Spec. Laws 1066, §§ 88, 89, as amended. Under the provisions of those sections, each department of the city must submit to that board, through the comptroller, an estimate of the amount of money which those in charge of the de-

partment believe necessary to run it for the fiscal year. The board of estimate and taxation is then required to "hear all the parties who may desire to be heard relative to any alterations in said estimates" and it "may make any alterations in said estimates . . . as it deems proper. Said board, having made such alterations, if any, shall prepare a statement of appropriations and tax rates which it proposes to make and levy, and cause the same to be published in a daily newspaper published in said city. . . . Said board shall [thereafter] hold a meeting . . . in July in each year, and at said meeting may make such further alterations in such estimates, appropriations and tax rates as it shall deem proper . . . ." 16 Spec. Laws 1067, as amended, 26 Spec. Laws 886, 887.

In the face of the recited facts and the pertinent legislation just quoted, this court is confronted with substantially the same problem as that considered by us in deciding controversies between boards of education and boards of finance. *Fowler v. Enfield,* 138 Conn. 521, 86 A.2d 662; *Bialeck v. Hartford,* 135 Conn. 551, 66 A.2d 610; *Board of Education v. Board of Finance,* 127 Conn. 345, 16 A.2d 601; *Groton & Stonington Traction Co. v. Groton,* 115 Conn. 151, 160 A. 902. The purpose of boards of finance, sometimes, as here, called boards of estimate and taxation, is twofold, as we have pointed out: first, to eliminate wasteful or extravagant expenditures by considering the financial aspects of the municipal government as a whole rather than from the limited viewpoint of any particular department, whether it is the department in charge of education or of fire prevention or of police protection; and, secondly, to insure, as far as possible, the payment of the municipality's current debts out

of its current income. *Groton & Stonington Traction Co.* v. *Groton,* supra, 158. For present purposes, we can paraphrase in the following manner a further principle stated in the case just cited (p. 160) and more sharply restated in *Board of Education* v. *Board of Finance,* supra, 350: Where a police board includes in an estimate submitted to a board of estimate and taxation—each board having duties and powers comparable to those granted by the special laws referred to above—an expenditure for a purpose which it is the police board's duty to effectuate, or for a purpose which requires that board to exercise an independent discretion, the board of estimate and taxation cannot legally refuse to provide any appropriation at all for that purpose. It may, however, after taking into consideration, along with the police needs, the financial condition of the municipality and the other expenditures it must make, reduce the estimate submitted by the police board whenever that estimate exceeds the amount which is reasonably necessary to accomplish the purpose. "The board of [estimate and taxation] in such a case must exercise its sound judgment in determining whether or to what extent the estimates of the [police] board . . . are larger than the sums reasonably necessary and if it properly exercises its discretion and the budget is approved [as the special law or statute provides] the [police] board . . . has no power to exceed the appropriations made." *Board of Education* v. *Board of Finance,* supra, 351.

*Sullivan* v. *Bridgeport,* 81 Conn. 660, 71 A. 906, upon which the plaintiffs rely, is not controlling. In that case the board of finance refused to make an appropriation for the full amount of a policeman's salary which had been fixed by an ordinance adopted

by the legislative body of the city. In the case at bar, the proposed increases in salary were not in that category.

The question, then, is whether the board of estimate and taxation of the city of Norwalk abused its discretion by refusing to include in the municipal budget an appropriation for the salary increases of the plaintiff officers. Unfortunately, the question cannot be answered since there is nothing in the finding to show whether the increases were reasonably necessary after taking into consideration not only the need for proper police protection in Norwalk but also the financial condition of the city and the expenditures it must make in carrying on the work of the other departments and agencies of the city. Without such a finding, we cannot conclude, as a matter of law, that the board of estimate and taxation abused its discretion.

Nor will it serve any good purpose to remand the matter with instructions to hear such further evidence as might be necessary to fill in the void in the finding as it presently exists. Even if the court should find the increases reasonably necessary in view of the considerations mentioned, the plaintiffs would not be advantaged. Although, as pointed out above, they sued on the basis of a breach of an agreement by the police board to pay them the increases, the sole agreement which the court found the board to have made was one containing the condition that the increased salary schedule would be paid only in the event that the board of estimate and taxation approved it. The appeal, therefore, submits a moot question as to the status of the plaintiffs and the city for the fiscal year beginning September 1, 1953. In other words, no matter what the court might find as to the reasonable necessity for the salary in-

creases, the plaintiffs will have no enforceable rights against the defendant. This lack of an enforceable agreement is one of the features distinguishing the case at bar from *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 160 A. 902.

There is no error.

In this opinion the other judges concurred.