LUCIEN J. MACIORA *v*. CITY OF NEW BRITAIN ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 131347

Memorandum filed March 11, 1964

*George J. Coyle,* of New Britain, for the plaintiff.

*Algert F. Politis,* corporation counsel of the city of New Britain, for the defendants.

DEVLIN, J. This is an action for a declaratory judgment to determine whether or not the plaintiff is legally entitled to a salary raise voted by the common council of the city of New Britain.

As tax collector, the plaintiff is an elected official and is in the unclassified service. Under the charter, he serves for a term of two years commencing at noon on the third Tuesday of April following his election. In the present case this occurred on

April 17, 1962. On March 22, 1962, during his term of office, a resolution calling for an increase in salary from $8030.06 to $9636.00 was voted by the common council and approved, effective April 1, 1962. On March 27, 1962, the board of finance and taxation received this resolution and tabled the matter because sufficient funds had not been provided in the fiscal budget for the increase. This action resulted.

The charter provides for the manner in which the budgets for the different departments are to be submitted, the procedure for their adoption, and the setting of the tax rate by the common council. It also contains the following provision: "§ 2932. . . . The common council shall not authorize any expenditures in excess of $1,000 for any purpose or item not included in the annual estimates adopted by said common council unless such expenditure be first approved by the board of finance and taxation." Under the stipulated facts, the common council did not provide sufficient funds in the fiscal budget for the increase, but it is claimed there was a contingency account to cover unanticipated appropriations.

Several claims of law have been advanced, but the basic problem, as the court views it, is whether the two branches, i.e. the common council and the board of finance and taxation, can bind each other by their own independent action in this type of matter. The functions of boards of finance have previously been determined. *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 158. That they cannot appropriate money without specific legislative sanction has also been decided. *New Haven Taxpayers Research Council, Inc.* v. *DePalma,* 137 Conn. 331.

Not only does the present charter provide for approval first by the board of finance and taxation

but also, when the salaries of officials and employees are involved, consideration must be given to General Statutes § 7-460, wherein it is provided that "any municipality or subdivision thereof, through its legislative body, may fix the compensation of its officials and employees, subject to approval of its budget authority.

Since the requisite approval was not secured, judgment may enter for the defendants.