## STANLEY P. NEVERS ET AL. *v.*
## BERT W. ANDERSON ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 408811
HARTFORD-NEW BRITAIN AT NEW BRITAIN

Memorandum filed October 1, 1984

*Thomas P. Griffen,* for the plaintiff.
*Edward T. Lynch, Jr.,* for the defendant.

MALONEY, J. The plaintiffs in this case are residents and taxpayers of the city of New Britain. The defendants include the city of New Britain, the mayor, the city treasurer, and all of the aldermen of the city who have held office from November 10, 1981, to the present time. The plaintiffs have brought this action (1) for an injunction restraining the city from making any payments of an "unrestricted expense account" to the defendant aldermen pursuant to an ordinance adopted on December 16, 1981, (2) for an order declaring that ordinance illegal, unconstitutional and void, and (3) for an order requiring the city to recover from the defendant aldermen any sums that it may have paid them pursuant to that ordinance. The basis of the plaintiffs'

complaint is that the ordinance illegally increased the aldermen's compensation, in violation of the state constitution, the General Statutes and the New Britain city charter.

The facts before the court have been stipulated by the parties. The aldermen of the city constitute the common council of the city of New Britain, and the common council is the legislative body of the city. On December 16, 1981, the common council adopted an ordinance, Item No. 15042-1, which provides, in relevant part, as follows:

"And be it further ordained that there is hereby established a monthly, unrestricted expense account of $125.00 for each position of Alderman, to be paid on the first day of each month commencing January 1, 1982, to each incumbent holding the position of Alderman on the first day of each month thereafter."

The ordinance was approved by the mayor two days later, and the city began making payments thereunder in July, 1982. No question concerning this ordinance or the compensation or expenses of aldermen was presented to the voters at the regular municipal election on November 8, 1983, which was the next regular municipal election held after the adoption of the ordinance. Although there was no express stipulation concerning the city's charter, that document is a part of the record in this case. Sections 132 of chapter 1 and 531 of chapter 5 of the charter of the city of New Britain provide respectively, in relevant part, as follows:

"*Sec. 132. Salaries.* Each alderman of the city shall receive a salary of $750 per annum.

"*Sec. 531. Administrative Matters.* . . . no alderman shall receive any fee or salary, compensation, or reward for services as such alderman except as provided in this charter."

The plain words of the ordinance in question and the lack of any evidence to the contrary clearly lead to the conclusion that the "expense account" payments to the aldermen are made by the city without any restrictions or conditions. Each alderman is free to spend the money for any purpose he or she deems proper, without accounting for it in any way. In short, once in receipt of the "expense account" payment, the alderman may treat it in exactly the same way as his or her salary, as private property without limitation. The threshold issue, therefore, is whether such payments actually constitute salary as a matter of law or whether they must be regarded as reimbursements for expenses incurred in the line of official duty because the ordinance labels them as such. The plaintiffs implicitly concede that the aldermen are legally entitled to reimbursement for any such expenses.

No Connecticut decisions construing the legal status of payments such as those in question have been brought to the court's attention. Other jurisdictions, however, have confronted the issue, and the majority appear to view lump sum, unrestricted and unverified "expense" payments as in the nature of salary, rather than expense reimbursement. *Ashton* v. *Ferguson,* 164 Ark. 254, 261 S.W. 624 (1924); *Savage* v. *Atlanta,* 242 Ga. 671, 251 S.E.2d 268 (1978); *Schanke* v. *Mendon,* 250 Iowa 303, 93 N.W.2d 749 (1958); *Scroggie* v. *Bates,* 213 S.C. 141, 48 S.E.2d 634 (1948); *Peay* v. *Nolan,* 157 Tenn. 222, 7 S.W.2d 815 (1928). A common basis of most of these decisions is that the lack of any restriction on the payment permits the government official to use it for his or her own personal needs as much as to defray officially incurred expenses. Another case, however, cited by the defendants, suggests a slightly different tack. A lump sum payment need not constitute salary if "it is within such reasonable limits as to warrant the conclusion that it might be covered by a certified statement of expenses incurred." *Geyso* v.

*Cudahy,* 34 Wis. 2d 476, 486, 149 N.W.2d 611 (1967). See also, to the same effect, *Loushay Appeal,* 169 Pa. Super. 543, 83 A.2d 408 (1951).

The court has analyzed the cases from other jurisdictions which have been cited by counsel, with particular attention to their applicability to the facts in the present case. The defendants strenuously urge that this court adopt for Connecticut the more relaxed rule followed in Wisconsin and Pennsylvania, as announced in the *Geyso* and *Loushay* cases. The stipulated facts, however, and, just as important, the lack of evidence on points which would buttress the defendants' argument, indicate that the "reasonable limits" rule should not be applied here. Although the defendants argue in their brief that the amount of the "expense account" is reasonable because it is expended only on officially incurred expenses such as travel, telephone calls, and "similar expenses," there was no evidence before the court to support these assertions, nor were those facts included in the parties' stipulation. The defendants further claim that a requirement of verification of expenses by means of vouchers or receipts would result in higher clerical costs to the city. Again, there was no evidence offered in support of this claim. In the absence of any supporting evidence, these assertions amount simply to speculation, and the court affords them no greater weight than that. In contrast, the facts which are before the court and which bear on the defendants' arguments tend to weaken their position substantially. First, the amount of the "expense account" for each alderman is twice the amount of his or her annual salary. Although such a tail-wags-dog formula is not per se invalid, it does raise a question as to the reasonableness of the "expense account," which only evidence of actual expenses could dispel. Secondly, the "expense account" is payable every month, whether or not the alderman performed any official duties that month and regardless of the actual amount of expenses

incurred. Under such circumstances, it is simply impossible to infer that $125 per month is a "reasonable" amount to pay for his or her official expenses. Finally, all the aldermen receive exactly the same amount, without regard to their naturally diverse ways of going about their official business and the concommitant incurring of different expenses. As the Tennessee Supreme Court observed in *Peay* v. *Nolan,* supra, 239–40, "it cannot reasonably be inferred or conceived that the expenses of all members would be uniform, or that the official expenses of each and every one of them would be equal to the arbitrary sum fixed by the act . . . ." For all of the foregoing reasons, this court cannot conclude that the payments are within such reasonable limits as would support the further conclusion that they are consumed by the aldermen's officially incurred expenses. The defendants' argument in that regard must be rejected.

As indicated above, the basis for the many decisions of courts in other jurisdictions that such payments constitute income rather than expense reimbursement is plain—the recipient is completely free to spend the money as he or she chooses, for personal as well as official expenses. In the present case, the carte blanche nature of the payments is revealed by the language of the ordinance itself—"a monthly, *unrestricted* expense account of $125.00." (Emphasis added.) No further evidence is necessary to establish the unlimited personal discretion granted to the payees, and there was no countervailing evidence even to suggest any requirement of subsequent accounting and repayment of funds not utilized for official purposes. It is this absence of any actual, enforceable limitation on the use of the funds that makes them the personal property of the defendant aldermen. Accordingly, this court holds that such payments constitute salary rather than reimbursement for official expenses.

The court's holding that the ordinance resulted in an increase in the aldermen's salaries leads to the further question whether such action may be constitutionally sustained. At the time the ordinance in question was adopted by the New Britain common council, section 2 of article eleventh of the Connecticut constitution provided, in relevant part, as follows: "[No] city . . . shall have power to pay or grant any extra compensation to any public officer . . . or increase the compensation of any public officer . . . to take effect during the continuance in office of any person whose salary might be increased thereby . . . ."[1]

The scope of this prohibition on salary increases for incumbent office holders has been refined and limited by our Supreme Court. In *McGovern* v. *Mitchell,* 78 Conn. 536, 63 A. 433 (1906), and again in *Scalo* v. *Mandanici,* 179 Conn. 140, 425 A.2d 1272 (1979), the court held that the constitution " 'does not forbid the establishment in the regularly ordained manner of compensation for future services at a sum larger than that already established.' " *Scalo* v. *Mandanici,* supra, 149. So long as the salary increase is legislated in the manner provided by law for the office in question, it will be sustained. But any increase which is improperly adopted is subject to constitutional challenge. The general statutory provision regarding the establishment of salary levels for municipal officials is contained in General Statutes § 7-460, which provides as follows:

"COMPENSATION OF OFFICIALS AND EMPLOYEES. Unless otherwise specifically provided in the general statutes, any municipality or subdivision thereof, through its legislative body, may fix the compensation of its officials and employees, subject to the approval of its budget authority. Any proposed increase in the

---

[1] This section was amended by amendment nineteen to the Connecticut constitution on November 24, 1982, after the ordinance in question took effect. The amendment is, therefore, inapplicable in this case.

compensation of the members of the legislative body of any municipality shall be subject to confirmation by referendum at the next regular election of such municipality. The provisions of this section shall be applicable to any municipality, any provision of any special act to the contrary notwithstanding."

In *Scalo* v. *Mandanici*, supra, the court determined that certain salary increases adopted by the common council of the city of Bridgeport for various municipal officials and employees did not conform to the requirements of the statute because they had not been approved by the city's budget authority. For that reason, the court held that the increases violated the constitutional prohibition and were invalid.

In the case presently before this court, the ordinance in question sought to increase the salaries of the aldermen, who constitute New Britain's legislative body. Such an increase is subject to the provisions of General Statutes § 7-460, specifically the requirement that it be confirmed by the electors of the municipality by referendum at the next regular election. As stipulated by the parties, however, the increase was never submitted to a referendum for confirmation by the New Britain voters at any election. The aldermen's salaries in New Britain, furthermore, are specifically fixed by the city charter. An increase in the amount specified in the charter, therefore, would require an amendment to the charter pursuant to the procedure set forth in General Statutes § 7-187 et seq. No such amendment has ever been adopted. Based on the facts stipulated by the parties and the applicable provisions of the General Statutes and the city charter, the court concludes that the provision in Ordinance No. 15042-1, which purported to increase the salaries of the New Britain aldermen by means of an unrestricted "expense account" was illegally adopted. It is, therefore, invalid.

When a municipal act is declared invalid, as is the case here, the court is empowered to grant an injunction to prevent the illegal exercise of power. *Scalo* v. *Mandanici,* supra. The defendants in their brief argue that no injunction should be ordered in this case, however, because the harm is not substantial, pointing to the annual cost to the city of the "expense account" at $19,500 and describing it as "insignificant." The court disagrees. These are public funds. Their loss has an impact on every resident and taxpayer of the city. An illegal expenditure cannot be justified and permitted merely because it constitutes a small portion of the city's total expenditures. The residents and taxpayers, represented by these plaintiffs, have the right to object to any such unlawful use of their tax dollars. With respect to those sums already paid, the plaintiffs request an order requiring the city to recover them from the recipients. Such an order was entered by the Superior Court in *Scalo* v. *Mandanici,* supra. Such an order is appropriate in this case as well because the ordinance was invalid ab initio and consequently none of the payments was legally made.

For the foregoing reasons, the city of New Britain and its treasurer, the defendant Donald Clerkin, are permanently enjoined from making any further payments of the monthly, unrestricted expense account of $125 for each position of alderman pursuant to Ordinance No. 15042-1, adopted December 16, 1981. The defendant city and defendant treasurer are further ordered to recover from the defendant aldermen any and all sums of money which they have heretofore been paid pursuant to said ordinance.