STANLEY P. NEVERS ET AL. *v.*
BERT W. ANDERSON ET AL.
(12607)

PETERS, C. J., SHEA, DANNEHY, CALLAHAN and M. HENNESSEY, Js.

Argued October 8—decision released November 18, 1986

*Edward T. Lynch, Jr.,* for the appellants (defendants).

*Thomas P. Griffen,* for the appellees (plaintiffs).

PER CURIAM. This case is an action for a permanent injunction restraining the city of New Britain and its municipal officers from paying unrestricted expense accounts to the city's aldermen pursuant to an ordinance that the plaintiffs allege to be illegal, unconstitutional and void. The plaintiffs are residents and taxpayers of the city of New Britain, and the defendants are the city, its municipal officers and the aldermen who constitute the common council of the city of

New Britain. The trial court, after a hearing on stipulated facts, determined that the disputed ordinance operated, in effect, to increase the compensation of the aldermen and that such an increase in salary was invalid in the absence of an amendment to the city charter or a timely confirmatory referendum by the electorate of the city. Accordingly, the court granted the plaintiffs the injunctive relief they sought and ordered the defendant city and the defendant treasurer to recover from the defendant aldermen all sums of money that they had received pursuant to the invalid ordinance. The defendants have appealed. We find no error.

The underlying issue at trial, and on this appeal, is whether a monthly, unrestricted expense account of $125 for each position of alderman, payable to each incumbent holding the position of alderman on the first day of each month, is to be considered an increment to the compensation of an alderman whose salary is fixed at $750 per annum by the charter of the city of New Britain. The trial court, in its lengthy and detailed memorandum of decision, *Nevers* v. *Anderson,* 40 Conn. Sup. 539, 517 A.2d 648 (1984), fully addressed this issue. Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the trial court correctly determined that Ordinance No. 15042-1, adopted by the New Britain common council and approved by the mayor of New Britain in December, 1981, authorized payments that constituted compensation rather than reimbursement for official expenses. We adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on this issue.

Having determined that the disputed ordinance provided an increment in the compensation of the defendant aldermen, the trial court then addressed the next issue, whether such an ordinance is valid. The court concluded that the ordinance was invalid on a number

of grounds: violation of the New Britain city charter, violation of General Statutes § 7-460, and violation of article eleventh, § 2 of the Connecticut constitution. The judgment of the trial court can be fully sustained on the first of these grounds, that an increase in the compensation of New Britain aldermen requires an amendment of the city charter, a procedure concededly not followed in this case. As the trial court correctly noted, the New Britain city charter provides, in relevant part, that "[e]ach alderman of the city shall receive a salary of $750 per annum," New Britain Charter, c. 1, § 132; and that "no alderman shall receive any fee or salary, compensation, or reward for services as such alderman except as provided in this charter." New Britain Charter, c. 5, § 531. The New Britain common council could not itself amend the city charter without submitting a proposed charter amendment to the city electorate at the next regular election. General Statutes § 7-187 et seq. The specificity of the charter's prohibition of legislative increases in compensation fully supports the conclusion that the challenged ordinance was invalid. We therefore need not and do not consider the alternate grounds of invalidity on which the trial court relied.

There is no error.