[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DECLARATORY JUDGMENT
The plaintiffs, members of the Board of Aldermen ("Aldermen") for the city of Ansonia, seek a declaratory judgment from the court as to a dispute with the defendant, the Ansonia Board of Apportionment and Taxation ("Board"). Specifically, the plaintiffs seek a declaratory judgment as to the right of the Aldermen to set salaries of certain city employees which salaries, in turn, must be funded by the Board. The Aldermen ask that the court decide whether the Board has the right to reduce estimates submitted by the Aldermen.
"An action for declaratory judgment is a special proceeding."Wilson v. Kelley, 224 Conn. 110, 121, 617 A.2d 433 (1992). See Practice Book § 17-55. "The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Mannweiler v. LaFlamme,233 Conn. 27, 33, 653 A.2d 168 (1995). A declaratory judgment "may be employed in a justiciable controversy where the interests are adverse, where there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement, and where all persons having an interest in he subject matter of the complaint are parties to the action or have reasonable notice thereof." Pamela B. v. Ment,244 Conn. 296, 709 A.2d 1089 (1998). A declaration by the court has the force of a final judgment. Doe v. Roe, 246 Conn. 652, 661
n. 19, ___ A.2d ___ (1998); C.G.S. § 52-29.
A declaratory judgment action is the proper vehicle for relief in matters concerning the operation of government. Doe v. Heintz,204 Conn. 17, 31, 526 A.2d 1318 (1987). The dispute before the court is a matter appropriate for a declaratory judgment.
The parties have agreed to a stipulation of facts (Exhibit 12) which are substantially as follows:
The Board of Aldermen is the legislative body for the City of Ansonia and the defendant Board of Apportionment and Taxation is the body responsible for establishing the annual municipal budget for the City. On February 17, 1998, in accordance with the budget CT Page 570 procedure set forth in the Ansonia Charter, the Aldermen submitted an estimated budget to the Board. This budget contained salaries for certain municipal employees.[1] Subsequently, the Aldermen adopted resolutions setting salaries of these municipal officials in accordance with the salaries contained in the estimated budget.
On April 21, 1998, the Board directed a communication to the Aldermen requesting information concerning the data they utilized to determine salary increases for non-union personnel such as the employees for whom the Aldermen had previously set salaries. The Aldermen failed to respond to this request and provided no documentation or evidence to the Board to support the salaries set forth in the resolutions before the final budget was approved by the Board on May 18, 1998. The budget approved by the Board did not contain funding for the salaries set by the resolutions of the Aldermen.[2]
The Ansonia City Charter (Charter) enumerates certain powers and responsibilities given to both the Aldermen and the Board. As to the Aldermen, the Charter, § 93, provides that the Aldermen have the power to "prescribe the salaries and compensation of all officers and employees of said city not expressly designated by the provisions of this Act, which salaries, so fixed, shall be neither raised nor diminished to take effect during any official term; to provide for the appointment or election of such employees as are not otherwise provided for and as may be required for the proper transaction of the business of the city, and to prescribe their duties and compensation." Additionally, § 133 of the Charter states that "[a]ny provision of the city Charter or ordinances to the contrary notwithstanding and subject only to the provisions of the statutes or Constitution of the State of Connecticut, the salaries of all city officials and employees, may be established or altered at any time by resolution of the board of aldermen.
As to the Board, the Charter allows that body to levy taxes and set mill rates and "hear all parties who may desire to be heard relative to any alterations in said estimates, appropriations, and tax rates, and may make any alterations in said estimates, appropriations, and tax rates, and such additional appropriations as it shall deem proper." Charter, § 42. In furtherance of its duties imposed by the city charter, the Board has full power "to require the different city officers to furnish all the information which they may posses, and to exhibit to said board CT Page 571 all books, contracts, reports, and other papers and documents in their respective departments, or in their possession, requisite, in the opinion of said board, to enable said board to discharge the duties imposed upon it by this Act . . ." Charter, § 41.
Reading these provisions together, one might be of the opinion that there is a conflict as to the powers and respective roles of the Board and the Aldermen. While the Aldermen are given the exclusive power to establish the salaries of city officials, the Board, at least is given the power to make any alterations in the estimated budget containing the salaries submitted by the Aldermen.
The Supreme Court has held that bodies similar to the Board of Apportionment Taxation have a stated purpose of "eliminat[ing] wasteful or extravagant expenditures by considering the financial aspects of the municipal government as a whole rather than from the limited viewpoint of any particular department. . . . and, secondly, to insure, as far as possible, the payment of the municipality's current debts out of its current income." Risi v.Norwalk, 144 Conn. 525, 529, 134 A.2d 514 (1957) (board of taxation's relationship with police commissioners). That is not to say, however, that a body similar to the Board is free to exercise its stated purpose in any manner it so chooses. Indeed, in situations where a municipal government board — having certain powers and duties enumerated in the special act creating that body — submits an expenditure for a purpose which it has the power to effectuate, or for a purpose which requires that board to exercise an independent discretion, the board of taxation cannot legally refuse to provide any appropriation at all for that purpose. Id. The board of taxation may, however, after taking into consideration, along with the asking board's needs, the financial condition of the municipality and the other expenditures it must make, reduce the estimate submitted by the board whenever that estimate exceeds the amount which is reasonably necessary to accomplish the purpose. Id. In such a case, the board of taxation "must exercise its sound judgment in determining whether or to what extent the estimate of the [municipal] board . . . are larger than the sums reasonably necessary and if it properly exercises its discretion and the budget is approved . . . the [municipal] board. . . . has no power to exceed the appropriations made." Id.
In the present case, it appears that the Aldermen failed to provide pertinent information to the Board after the Board CT Page 572 requested that the Aldermen do so. Since the Board did not have information which it may have considered relevant for the exercise of its duties, this court cannot say that the Board acted unreasonably in refusing to fund the budget as submitted by the Aldermen. Simply, the Board did not have the relevant information as to the figures used by the Aldermen in arriving at the estimated salaries. Since the Board is the budget authority for Ansonia and serves as a fiscal check on the expenditures off the city, such information would have been vital especially in the present case where it appears that the Aldermen voted to give one individual, holding three positions in the municipality, three separate raises. The court, therefore, must conclude that the Board did not act improperly and that it acted within its enumerated powers in reducing the estimate submitted by the Aldermen. Having so concluded, the court, however, feels that it is necessary to point out that reducing an estimate completely to zero is neither a reasonable nor appropriate exercise of the Board's duties. Given the fact that the Aldermen, pursuant to § 93 of the Charter, have the sole power of appointing or electing municipal officials, any action of the Board to the contrary would be usurping the power of the Aldermen. Any Board action that refuses to fund any salary set forth by the Aldermen is unreasonable to that extent. Simply, the Board "cannot legally refuse to provide any appropriation at all for" a proposed purpose or estimate. Risi v. Norwalk, supra, 144 Conn. 529
(Emphasis added)..
The fact that a Board can reasonably reduce estimates provided by a municipality's legislative body is supported by the controlling presence of Conn. Gen. Stat. § 7-460. Section 7-460, which is applicable to all municipalities, any provision of any special act to the contrary notwithstanding, states, in pertinent part, that "[u]nless otherwise specifically provided in the general statutes, any municipality or subdivision thereof, through its legislative body, may fix the compensation of its officials and employees, subject to the approval of its budget authority." In instances where the legislative board has failed to get the approval of the budget authority, the courts have not hesitated in finding that the proposed compensation to employees is improper. See Scalo v. Mandanici, 179 Conn. 140, 425 A.2d 1272
(1979); See also Nevers v. Anderson, 201 Conn. 377, 517 A.2d 620
(1986) (affirming Nevers v. Anderson, 40 Conn. Sup. 539,517 A.2d 648 [1984]); Maciora v. New Britain, 25 Conn. Sup. 227, 229,200 A.2d 732 (1964). Thus, while a legislative body such as the Aldermen, may set the salary of its employees, the municipality's CT Page 573 budget authority must approve any such salary.
Section 7-460 is entirely consistent with the Ansonia City Charter. As with the statute, the City Charter allows the legislative body, the Aldermen, to exclusively set the compensation of certain employees. But, as also with the statute, § 42 of the Charter provides a mechanism of review to be exercised by the budget authority, in this case, the Board of Apportionment Taxation.
The court, accordingly, finds that the Board does not automatically have to fund salaries contained in the estimated budget submitted by the Aldermen. Rather, as provided for in the Charter, the Board may reduce estimates therein. Thus, while the Aldermen exclusively set the salaries of municipal employees, this determination is subject to reasonable review by the Board. The Board, however, cannot simply refuse to fund any such estimated salary as the effect of such an action would negate the exclusive powers of the Aldermen.
Judgment may enter in accordance with the above.
THE COURT CURRAN, J.